MDG SUPPLY, INC., A HAWAII CORPORATION, ET AL. *v.* WILLIAM S. ELLIS, JR., ET AL.

No. 4889.

DECEMBER 22, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

MDG Supply, Inc., has moved to dismiss an appeal from two orders entered on February 6, 1969, by the second circuit court in MDG Supply, Inc., plaintiff, v. Diversified Investments, Inc., and Kula Development Corporation, defendants, and William S. Ellis, Jr., intervenor-defendant, being Civil Nos. 401 and 402 of the records of that court. The ground for the motion is that the orders are interlocutory.

The first order appealed from restrained Diversified,

Kula, and Ellis "from contacting, in any way, personally or through agents, anyone connected with the foreclosure sale herein, except by leave of this Court." The second order struck from the record certain documents filed by Diversified, Kula, and Ellis as being spurious and intended to harass.

The appeal was taken only by Ellis in his individual capacity as intervenor-defendant and party to Compromise and Settlement Agreement dated December 27, 1965. The nature of the compromise and settlement agreement is stated in *MDG Supply, Inc.* v. *Diversified Investments, Inc.,* 51 Haw. 375, 463 P.2d 525 (1969), recently decided by this court.

The foreclosure sale mentioned in the first order is the foreclosure sale ordered in the Amended Order Appointing Commissioners and Ordering Sale of Real Property, entered on September 9, 1968. The documents struck in the second order are documents filed in objection to steps taken by MDG and the commissioners to carry out the foreclosure sale. With reference to the amended order, we held in *MDG Supply, Inc.* v. *Diversified Investments, Inc., supra,* that it was properly entered.

We hold that the first order is final and properly before this court, but the second order is interlocutory and the appeal therefrom should be dismissed.

The first order, on its face, involves a right which is not directly related to the foreclosure sale, namely, the right of Ellis to free speech. Under the order, if Ellis merely talked to anyone connected with the foreclosure sale without leave of court, he would violate the injunction and be in immediate jeopardy of being found in contempt of court. The order fits the collateral order doctrine enunciated in *Cohen* v. *Beneficial Loan Corp.,* 337 U.S. 541 (1949), and referred to in *Mackenzie* v. *Choi,* 47 Haw. 298, 302, 387 P.2d 475, 477 (1963). As stated in *Cohen,*

at page 546, the order falls "in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

Thus, as to the appeal from the first order, the motion to dismiss is denied, and MDG is directed to file an answering brief within 60 days after the filing of this opinion.

However, inasmuch as the foreclosure sale may proceed pursuant to *MDG Supply, Inc.* v. *Diversified Investments, Inc., supra,* and it appears that Ellis may suffer irreparable injury if the order is enforced pending the decision on appeal, we will enjoin the circuit court from enforcing it, pursuant to HRS § 602-5 and H.R.C.P. Rule 62(g).

HRS § 602-5 gives this court power to issue certain specified writs and "all other writs necessary or proper to the complete exercise of the appellate jurisdiction of the court." Under a similar provision in the federal statutes, 28 U.S.C. § 1651, an injunction pending appeal is a writ which an appellate court may issue as a writ necessary or appropriate in aid of its appellate jurisdiction. *Stell* v. *Savannah-Chatham County Board of Education,* 318 F.2d 425 (5th Cir. 1963).

Under H.R.C.P. Rule 62(g), this court may grant an injunction during "the pendency of an appeal or make an order appropriate to preserve the status quo." In order to obtain an injunction under the corresponding provision of the federal rules, there must be a showing that appellant is threatened with irreparable injury and that there is great likelihood, approaching near certainty, that he will prevail. *Eastern Greyhound Lines* v. *Fusco,* 310 F.2d 632 (6th Cir. 1962); *Greene* v. *Fair,* 314 F.2d 200

(5th Cir. 1963). The federal precedents are persuasive. Here, the necessary showing is present. Ellis is threatened with irreparable injury because the order unduly stills his voice and its broad reach abridges his rights with respect to the foreclosure sale; and, there appears to be a great likelihood that Ellis will prevail on the appeal inasmuch as the order, on its face, curtails his right of free speech.

The second order, on its face, does not involve any rights separable from or collateral to the foreclosure sale. Ellis has not urged upon this court that any rights separable from or collateral to the foreclosure sale have been abrogated by the striking of the documents from the record. None of the documents has been addressed to the court by way of complaint, motion, or other pleading. Thus, the order is interlocutory, and requires the allowance of the court for appeal. HRS § 641-2; H.R.C.P. Rule 73(a); *Pfaeltzer* v. *Patterson,* 49 Haw. 59, 410 P.2d 974 (1966). Ellis did not obtain the necessary court allowance.

Ellis has moved for a stay of proceedings in the circuit court pending disposition of his appeal. The portion of the appeal, not dismissed and still before this court, involves a right separable from and collateral to the foreclosure sale, as noted above. The determination of such right does not affect the validity of the foreclosure sale in any way whatsoever. The motion is denied.

*B. Martin Luna* (*Ueoka & Vail* of counsel) for appellee, for the motion to dismiss.

*William S. Ellis, Jr.,* appellant pro se, for the motion to stay proceedings.