ASSOCIATION OF OWNERS OF KUKUI PLAZA, an unincorporated Hawaii association, by its Board of Directors, Plaintiff-Appellee, *v.* SWINERTON & WALBERG CO., a foreign corporation, Defendant-Appellant, and ASSOCIATED STEEL WORKERS, LTD., a Hawaii corporation; KAMAAINA ROOFING, INC., a Hawaii corporation; D. ZELINSKY & SONS OF HAWAII, INC., a Hawaii corporation; THE CONSOLIDATED CORP., a Hawaii corporation; and MIKE'S PAINTING AND WATERPROOFING COMPANY, LTD., through its trustees, STAMATIOS MERTYRIS, FRANK K. H. KIM, and NALANI MERTYRIS, Defendants-Appellees, and JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 6-10; DOE PARTNERSHIPS 1-10; DOE JOINT VENTURES 1-10; SOVEREIGNTY "X"; SOVEREIGNTY "Y"; and ELEEMOSYNARY CORPORATION "Z", Defendants, and SWINERTON & WALBERG CO., Third-Party Plaintiff-Appellant, *v.* ASSOCIATED STEEL WORKERS, LTD., a Hawaii corporation; KAMAAINA ROOFING, INC., a Hawaii corporation; D. ZELINSKY & SONS OF HAWAII, INC., a Hawaii corporation; and THE CONSOLIDATED CORP., a Hawaii corporation, Third-Party Defendants-Appellees, and D. ZELINSKY & SONS OF HAWAII, INC., a Hawaii corporation, Third-Party Defendant, Counterclaimant-Appellee, *v.* SWINERTON & WALBERG CO., a foreign corporation, Third-Party Plaintiff, Counter-Defendant-Appellant, and D. ZELINSKY & SONS OF HAWAII, INC., a Hawaii corporation, Third-Party Defendant, Crossclaimant-Appellee, *v.* ASSOCIATED STEEL WORKERS, LTD., a Hawaii corporation; KAMAAINA ROOFING, INC., a Hawaii corporation; and THE CONSOLIDATED CORP., a Hawaii corporation, Third-Party Defendants, Cross-Defendants-Appellees

99

NO. 10339

(CIVIL NO. 77600)

AUGUST 13, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI,
AND WAKATSUKI, JJ.

100

OPINION OF THE COURT BY NAKAMURA, J.

Swinerton & Walberg Co. (Swinerton) appeals from an order denying its Motion to Stay Proceedings Pending Arbitration and For Order Compelling Arbitration of the claims brought against it by the Association of Owners of Kukui Plaza (the Association). Though the order did not conclude the dispute between the parties, it was nevertheless a final,

appealable order. And we think the circuit court erred in not compelling arbitration.

I.

The Association instituted legal proceedings against "SWINER-TON & WALBERG CO., a Hawaii corporation," "SWINERTON & WALBERG CO., a foreign corporation," and an array of unidentified persons and entities[1] on May 17, 1983, seeking damages for the allegedly defective construction of the Kukui Plaza condominium apartment buildings. The complaint charged SWINERTON/CALIFORNIA with liability as the purported alter ego of SWINERTON/HAWAII, which "was certified to do busines[s] in . . . Hawaii . . . for the purpose of building certain structures, [including] Kukui Plaza." The Association's claims were spelled out in detail when the First Amended Complaint was filed on July 20, 1983.

In essence, the Association averred the Hawaii corporation, which it contended was aided and supervised by the California corporation, breached the contract for the construction of Kukui Plaza by not following plans and specifications. It alleged that the contractor breached warranties and failed to exercise due care in performing the contract and that some of the builder's acts were willful, wanton, or reckless; it prayed that the defendants be required to remedy or repair the deficiencies or be held liable in damages, including punitive damages.

Swinerton responded on August 17, 1983 by denying virtually all of the averments of the amended complaint, including that alleging the existence of SWINERTON/HAWAII, and by asserting nearly a score of defenses, including the Association's lack of "proper legal capacity to maintain this suit." It simultaneously filed a third-party action against Associated Steel Workers, Ltd. and Kamaaina Roofing, Inc., two of its subcontractors on the Kukui Plaza construction project, praying that they be held accountable if damages were recoverable by the Associa-

---

[1]The nameless defendants were: JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE JOINT VENTURES 1-10; SOVEREIGNTY "X"; SOVEREIGNTY "Y"; and ELEEMOSYNARY CORPORATION "Z", "whose true names, identities and capacities [were then] unknown to Plaintiff ASSOCIATION or its attorneys."

tion. The Association thereafter identified Associated Steel and Kamaaina Roofing as "DOE CORPORATIONS 1 and 2 respectively."[2]

Associated Steel denied it was liable to either Swinerton or the Association, raised a number of defenses, and filed a counterclaim against the general contractor and a cross-claim against its fellow subcontractor. The roofing subcontractor likewise denied it was responsible for the damages sustained by the plaintiff and also asserted a host of defenses, including the dissolution of Kamaaina Roofing, Inc. Meanwhile, both plaintiff and Swinerton stepped up their pre-trial discovery efforts.

Swinerton subsequently sought summary judgment on the claims against SWINERTON/HAWAII or a dismissal thereof, contending "[n]o subsidiary or separate corporation with the name of 'Swinerton & Walberg Co., a Hawaii Corporation', exists or is engaged in business." The plaintiff countered with its Motion to Drop Defendant Swinerton & Walberg Co., a Hawaii Corporation, from Plaintiff's First Amended Complaint.[3] The circuit court rejected Swinerton's motion, granting instead the plaintiff's motions to strike the corporation as a defendant and for leave to file an amended complaint reflecting the deletion.

The contractor then submitted two motions for summary judgment, seeking judgment on all claims in the first and seeking judgment on all claims other than the one premised on negligence in the second on grounds that they were time-barred. The primary reason advanced in the first motion for summary disposition of the claims was an obvious lack of privity between the contractor and the Association. "Though the ASSOCIATION's claims [were] based on the [contract between Swinerton and the developer of Kukui Plaza]," Swinerton averred, "the ASSO-

---

[2]D. Zelinsky & Sons of Hawaii, Inc. and The Consolidated Corp., who were also subcontractors of the general contractor, were identified by the plaintiff as "DOE CORPORATIONS 3 & 4 respectively" on April 30, 1984 after Swinerton filed an amended third-party complaint naming them as third-party defendants.

Mike's Painting and Waterproofing Co., Ltd., also a subcontractor, was identified as "DOE CORPORATION 5" on September 4, 1984. Since the corporation had been involuntarily dissolved in 1973, Stamatios Mertyris, Frank K. H. Kim, and Nalani Mertyris, who were then its directors, were also named as defendants.

[3]Plaintiff resisted Swinerton's motion and sought essentially similar relief by submitting its own motion in order to avoid a possible assessment of attorney's fees and costs.

CIATION [was] not a signatory to that agreement." Swinerton's pleas fell on deaf ears, and on May 16, 1984 the circuit court ruled the plaintiff was either an implied assignee or a third-party beneficiary of the construction contract and the pertinent limitation statute had not run.

Foiled in its attempt to secure a disposition of the case without trial and confronted by a decision that the Association, though not a signatory, could seek damages under the construction agreement, Swinerton served the Association with a demand that the claims be submitted to arbitration in accord therewith. Shortly thereafter, it moved, pursuant to HRS Chapter 658, for a stay of court proceedings and an order compelling arbitration. Inasmuch as there was "[a] provision in [the] contract to settle by arbitration a controversy . . . arising out of the contract or the refusal to perform the whole or any part thereof,"[4] Swinerton sought to "stay the trial of the [Association's] action . . . until the arbitration ha[d] been [conducted] in accordance with the terms of the agreement."[5] It further prayed for "an order directing that the arbitration proceed in the manner provided for in the agreement."[6]

But the motions were denied on October 24, 1984, and the contractor filed a notice of appeal on November 21, 1984. The denial of the motions, of course, did not dispose of the case, and the question confronting us at the very outset is whether there is an appealable order here.

---

[4]HRS § 658-1 (1976) reads:
   Agreement to submit.   A provision in a written contract to settle by arbitration a controversy thereafter arising out of the contract or the refusal to perform the whole or any part thereof, or an agreement in writing to submit an existing controversy to arbitration pursuant to section 658-2, shall be valid, enforceable, and irrevocable, save only upon such grounds as exist for the revocation of any contract

[5]HRS § 658-5 (1976) reads:
   No trial if issue referable to arbitration.   If any action or proceeding is brought upon any issue referable to arbitration under an agreement in writing, the circuit court, upon being satisfied that the issue involved in the action or proceeding is referable to arbitration under such an agreement in writing, shall stay the trial of the action or proceeding until the arbitration has been had in accordance with the terms of the agreement, provided the applicant for the stay is not in default in proceeding with the arbitration.

[6]HRS § 658-3 (1976), in pertinent part, provides:
A party aggrieved by the failure, neglect, or refusal of another to perform under an agreement in writing providing for arbitration, may apply to the circuit court for an order directing that the arbitration proceed in the manner provided for in the agreement.

## II.

### A.

"The right of appeal is purely statutory and exists only when given by some Constitutional or statutory provision." *Chambers v. Leavey,* 60 Haw. 52, 57, 587 P.2d 807, 810 (1978) (citations omitted). By virtue of Hawaii Revised Statutes (HRS) § 641-1(a) (Supp. 1984), "[a]ppeals [as of right are] allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court, to the supreme court or to the intermediate appellate court, except as otherwise provided by law."[7] The statute thus does not allow an appeal "from any decision which is tentative, informal or incomplete." *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546 (1949).[8] "Nor does the statute permit appeals [from orders that are only] steps towards final judgment in which they will merge." *Id.* It means "to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results." *Id.*

Yet, "a final judgment[, order,] or decree is not necessarily the last decision of a case. What determines the finality of an order or decree [for purposes of appeal] is the nature and effect of the order or decree." *In re Castle,* 54 Haw. 276, 278, 506 P.2d 1, 3 (1973) (citations omitted); *see also In re Hawaii Government Employees' Association,* 63 Haw. 85, 88, 621 P.2d 361, 364 (1980) (citations omitted). There are, for example, orders falling "in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. at

---

[7]HRS § 641-1(b) (1976) vests a circuit court with discretionary authority to permit an interlocutory appeal in a civil matter whenever the court thinks it is advisable for the speedy termination of litigation. Our concern here, however, is with a putative appeal as of right from a final order.

[8]The statute interpreted and applied by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.* was "Title 28 U.S.C. 1291 [which] provides, as did its predecessors, for appeal only 'from all final decisions of the district courts,' except when direct appeal to [the Supreme] Court is provided." 337 U.S. at 545.

546, *quoted and followed in MDG Supply, Inc. v. Ellis*, 51 Haw. 480, 481-82, 463 P.2d 530, 532 (1969). Such orders, as the Supreme Court observed, may not be effectively reviewable and rights may be lost, perhaps irretrievably, if review invariably awaited a final judgment. *Id.*

B.

We think the order in question falls in the small class described above. For one thing, "it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. at 546-47. Whether the alleged contractual violations should be presented to an arbitrator or to the court for determination "is a matter wholly separate from . . . the merits of [plaintiff's] cause." *Local No. 438 Construction & General Laborers' Union v. Curry*, 371 U.S. 542, 548 (1963). It is an "independent matter, anterior to the merits and not enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 558 (1963).

The circuit court ruled against Swinerton on this anterior question; it agreed with the Association that any right Swinerton may have had to a stay of proceedings had been waived. In essence, the court held Swinerton was "in default in proceeding with the arbitration." HRS § 658-5 (1976). The appeal in our view "presents a serious and unsettled question" concerning the application of HRS § 658-5. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. at 547. And "it will be too late effectively to review the present order" when final judgment is entered; for "the rights conferred by [HRS Chapter 658], if it is applicable, will have been lost, probably irreparably." *Id.* at 546.

The contract between Kukui Plaza's owner/developer and builder contained the following provision:

7.10 ARBITRATION

7.10.1 All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect's decisions on matters-relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbi-

tration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

The parties therefore stipulated all claims and disputes arising out of the contract or its breach would be decided by arbitration. In other words, they agreed in writing to avoid litigation in settling controversies arising from the performance or breach of the contract.

"A provision in a written contract to settle by arbitration a controversy . . . arising out of the contract [has been declared] valid, enforceable, and irrevocable," HRS § 658-1 (1976), and "the proclaimed public policy . . . is to encourage arbitration as a means of settling differences and thereby avoid litigation." *Gregg Kendall & Associates v. Kauhi,* 53 Haw. 88, 93, 488 P.2d 136, 140 (1971) (citations omitted). Hence, there can be no trial of an action if it has been brought on a claim referable to arbitration under an agreement in writing and a party invokes his contractual right to have the dispute settled by arbitration. *See* HRS §§ 658-3, -5 (1976). If trial were allowed the intention of the parties to avoid litigation, as well as the statutory purpose to ensure judicial enforcement of privately made agreements to arbitrate, would be frustrated. Furthermore, "[w]here the right to arbitration exists, compelling a party whose application [for a stay] has been denied to wait until a final judgment is entered so he can appeal the order . . . may [afford] a remedy in name, but . . . not an adequate remedy in fact." *Paine, Webber, Jackson & Curtis, Inc. v. Lucas,* 411 So. 2d 1369, 1370 (Fla. Dist. Ct. App. 1982).

Thus, we conclude an order denying an application made in accord with HRS § 658-5 for a stay of proceedings until arbitration has been had and one denying an application filed pursuant to HRS § 658-3 for an order directing that arbitration proceed in the manner provided in a written agreement are appealable orders within the contemplation of HRS § 641-1(a). By the same token, orders granting stays and compelling arbitration are appealable too; and *Pfaeltzer v. Patterson,* 49 Haw. 59, 60, 410 P.2d 974, 974 (1966) (per curiam), where we said "[a]n order granting a motion for a stay of proceedings pending arbitration [was] not a final order," is overruled.

### III.

Having resolved the preliminary issue in appellant's favor, we address the circuit court's decision not to enforce the agreement to arbitrate. Since the Association relied on the construction agreement in bringing suit and at no time questioned the validity of the provision calling for the arbitration of disputes, we proceed to the question of whether the court erred in denying Swinerton's motion on grounds that there was a waiver of the right to have the agreement to arbitrate enforced pursuant to HRS Chapter 658.

### A.

The pertinent statutory provision speaks not of a waiver of rights; it speaks in terms of a "default in proceeding with the arbitration." *See* HRS § 658-5 (1976). When asked to give meaning to these words, we said:

> The term "default in proceeding with the arbitration" is unambiguous and it can only mean that when a party refuses to participate in arbitration, such as in the appointment of an arbitrator or the like, then and only then can he be deemed to be in "default in proceeding with the arbitration."

*Gregg Kendall & Associates v. Kauhi,* 53 Haw. at 93, 488 P.2d at 140. Granted, the circumstances in *Gregg Kendall & Associates* are not replicated here. But the unambiguous language of the statute and "the proclaimed public policy . . . to encourage arbitration as a means of settling differences" preclude a court from lightly inferring a waiver of a right to arbitration or a default in proceeding thereto. *Id.*

"Waiver is generally defined as an 'intentional relinquishment of a known right,' a 'voluntary relinquishment of some rights,' and 'the relinquishment or refusal to use a right.' *State Savings & Loan v. Kauaian Development Company,* 50 Haw. 540, 557, 445 P.2d 109, 121 (1968); *Robinson v. McWayne,* 35 Haw. 689, 719 (1940)." *Anderson v. Anderson,* 59 Haw. 575, 586-87, 585 P.2d 938, 945 (1978). There was, of course, no "intentional" or "voluntary" relinquishment of a right. And while Swinerton did not resort to arbitration immediately upon the assertion of a claim for damages, we could not deem the delay a "relinquishment or refusal to use a right." Nor can we say Swinerton's conduct was tantamount to a "default in proceeding with the arbitration."

## B.

The circuit court, it appears, denied Swinerton's motion because there was delay in seeking arbitration. To be sure, there was delay in the case—all of it, however, cannot be ascribed to Swinerton. To begin with, the Association twice amended its complaint, once to spell out claims in detail and once to delete references to a non-existent corporation allegedly responsible for the defective construction. The plaintiff was hardly the model of alacrity also in identifying defendants, waiting for the most part until Swinerton filed third-party suits against its subcontractors before identifying them as defendants initially described only as "John Does." But the plaintiff's delinquencies were not primarily responsible for the lag between the assertion of claims and the demand for arbitration.

What accounted for much of the time lapse were the motions for summary judgment filed by Swinerton. Initially, it sought summary disposition of the claims against the corporation that did not exist. After the plaintiff dismissed SWINERTON/HAWAII from the action Swinerton again sought summary judgment, "asserting, among other things, that it was entitled to judgment as a matter of law on the contract claims because the ASSOCIATION and S&W were not in privity." And the demand for arbitration followed the denial of the second motion.

The initial motion undoubtedly raised a valid defense. Given the absence of controlling precedent, the succeeding motion for summary disposition of the contract claims presented more than a colorable defense.[9] Were we to agree that waiver or default could be inferred from the circumstances here, we would be ruling that a defendant must elect arbitration and forego a challenge of the plaintiff's capacity to sue under

---

[9] Since "one cannot blow both hot and cold," Swinerton would not be able to raise the defense of a lack of privity between the parties in the event the controversy is again brought to the courts for any reason after arbitration is had. Yuen Shee v. London Guarantee & Accident Co., 40 Haw. 213, 230 (1953) (quoting McDanels v. General Insurance Co. of America, 1 Cal. App. 2d 454, 459, 36 P.2d 829, 832 (1934)). The principle that "one should not be permitted to take a position inconsistent with a previous position if the result is to harm another" would surely apply. University of Hawaii Professional Assembly *ex rel.* Daeufer v. University of Hawaii, 66 Haw. 214, 221, 659 P.2d 720, 725 (1983) (citations omitted).

the contract in order to obtain the benefit of HRS § 658-3. The ruling would also fly in the face of our holding in *Gregg Kendall & Associates v. Kauhi, supra,* that default within the context of the section is not to be lightly inferred.

We would not hesitate to declare a waiver or default if the defendant's conduct can be deemed inconsistent with a reliance on the contract. "An agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon. *Burton-Dixie Corp. v. Timothy McCarthy Construction Co.,* 436 F.2d 405 (5th Cir. 1971)." *Germany v. River Terminal Railway Co.,* 477 F.2d 546, 547 (6th Cir. 1973). But the circumstances here definitely fail to support a waiver of a right to arbitration or a default in proceeding with the arbitration. The circuit court clearly erred in denying Swinerton's motions for a stay of proceedings and an order compelling arbitration.

The order of the circuit court is vacated, and the case is remanded for entry of an order consistent with this opinion.

*David Schulmeister (C. Michael Hare* and *Lorraine H. Akiba* with him on the briefs; *Cades, Schutte, Fleming & Wright,* of counsel) for Appellant Swinerton & Walberg Co.

*G. Stephen Elisha (Richard A. Franklin* and *Mark T. Ichiyama* with him on the brief; *Dinman, Nakamura, Elisha & Nakatani,* of counsel) for Appellee Assn. of Owners of Kukui Plaza.