INTERNATIONAL SAVINGS AND LOAN ASSOCIATION, LIMITED, Plaintiff-Appellee, *v.* ROGER GRADY WOODS and MARIE SOCORRO WOODS, Defendants-Appellants, and ASSOCIATION OF APARTMENT OWNERS OF KONA KAI, Defendant-Appellee, and JOHN DOES 1 THROUGH 50, et al., Defendants

NO. 11539

(CIV. NO. 85-4577)

JANUARY 15, 1987

LUM, C.J., NAKAMURA, PADGETT, AND HAYASHI, JJ.*

---

*Justice Wakatsuki having recused himself, the motion is being decided by the remaining justices.

OPINION OF THE COURT BY NAKAMURA, J.

Roger Woods and Marie Woods (the Woodses) appeal from an order of the Circuit Court of the First Circuit awarding International Savings and Loan Association (International) summary judgment and foreclosing a mortgage. International moves to dismiss the appeal, arguing this court is without jurisdiction to con-

duct a present review of the circuit court's order since there are claims, counterclaims, and third-party claims yet to be determined in the case and the order in question has not been certified as final pursuant to Hawaii Rules of Civil Procedure (HRCP) Rule 54(b). Granted, the order was not certified as a final judgment; we conclude it was, nonetheless, an appealable order. And since the applicable law is "full of traps for the unwary," *Sturkie v. Han,* 2 Haw. App. 140, 147, 627 P.2d 296, 302 (1981), we would be remiss if we did not lend direction to enable the wary to avoid the pitfalls.

I.

The Woodses executed a promissory note, which was secured by a mortgage on an apartment they owned in a condominium apartment building situated in Kona, Hawaii, in favor of International. When the payors failed to make payments as stipulated International brought suit to enforce the note, naming them and the association of condominium apartment owners as defendants and praying for foreclosure of the mortgage and a sale of the mortgaged apartment, a deficiency judgment if appropriate, and fees and costs. The responsive pleading filed by the Woodses asserted a counterclaim and claims against third-party defendants; it alleged violations of securities legislation on the part of International and others.[1]

International moved promptly for summary judgment on the promissory note and a decree foreclosing the mortgage. The trial court, after a hearing in which the Woodses were represented by counsel, entered its Findings of Fact, Conclusions of Law and Order Granting Motion for Summary Judgment and Interlocutory Decree of Foreclosure. It authorized the sale of the mortgaged property at a public auction; it also set forth the procedure to be followed by the commissioner in selling the property and distributing the proceeds. The circuit court's order further provided the

---

[1] The Woodses, appearing without the assistance of counsel, filed a pleading they designated a cross-claim. The pleading actually asserted a counterclaim against International and third-party claims against the developer and previous owners of the condominium project.

sale would be subject to judicial confirmation and that a deficiency judgment would be entered if the proceeds were insufficient to cover the debt owing to International. The order, of course, did not dispose of International's claim against the association of condominium owners or the Woodses' counterclaim against International and their claims against third parties, for summary disposition of those claims was not sought.

Within thirty days of the entry of the order, however, the Woodses filed a notice of appeal therefrom. The record reveals that they did not seek a certification of the order as a final judgment; nor did they request leave to obtain interlocutory review of the order. International maintains the appellants have no right to appeal since they neglected to secure Rule 54(b) certification[2] or permission to pursue an interlocutory appeal.[3]

## II.

### A.

"The right of appeal . . . exists only when given by some Constitutional or statutory provision." *Chambers v. Leavey,* 60 Haw. 52, 57,

---

[2] HRCP Rule 54(b) reads:

Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The rule vests a circuit court with discretionary authority to certify a judgment on a claim in a multiple-party multiple-claim case as a final judgment despite the existence of other outstanding claims.

[3] HRS § 641-1(b) (1976) vests a circuit court with discretionary authority to permit an interlocutory appeal in a civil matter whenever the court thinks it is advisable for the speedy termination of litigation. Our concern here, however, is with a putative appeal as of right.

587 P.2d 807, 810 (1978) (citations omitted). By virtue of Hawaii Revised Statutes (HRS) § 641-1(a) (Supp. 1984), "[a]ppeals [as of right are] allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts . . . to the supreme court or to the intermediate appellate court, except as otherwise provided by law." On its face the statute "does not allow an appeal 'from any decision which is tentative . . . or incomplete.' *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)." *Association of Owners of Kukui Plaza v. Swinerton & Walberg Co.*, 68 Haw. ___, ___, 705 P.2d 28, 33-34 (1985) (footnote omitted). Nor does it appear to permit appeals from orders that are only "steps towards final judgment in which they will merge." *Id.* at ___, 705 P.2d at 34 (quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949) ).

Yet, an appealable judgment, order, or decree "is not necessarily the last decision of a case. What determines the finality of an order or decree [for purposes of appeal] is the nature and effect of the order or decree." *In re Castle*, 54 Haw. 276, 278, 506 P.2d 1, 3 (1973) (citations omitted); *see also Association of Owners of Kukui Plaza v. Swinerton & Walberg Co.*, 68 Haw. at ___, 705 P.2d at 34. "There are, for example, orders falling 'in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. at 546, *quoted and followed in* MDG Supply, Inc. v. Ellis, 51 Haw. 480, 481-82, 463 P.2d 530, 532 (1969)." *Id.* at ___, 705 P.2d at 34. Following the Supreme Court's lead, we have deemed these orders immediately appealable since they may not be effectively reviewable and rights could be lost, perhaps irretrievably, if review invariably had to await final judgment. *Id.* at ___, 705 P.2d at 34. Thus in *Association of Owners of Kukui Plaza v. Swinerton & Walberg Co.*, we concluded an order denying a motion to stay the trial of a breach of contract action until arbitration in accord with the terms of the agreement had been conducted was an appealable order within the contemplation of HRS § 641-1(a). 68 Haw. at ___, 705 P.2d at 35. The order, in our opinion, amounted to "a final disposition of a claimed right which [was] not an ingredient of the cause of action and [did] not

require consideration with it." *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. at 546-47.

Our rulings on finality of judgments for appeal purposes have followed the reasoning of the Supreme Court in other situations too. In *Forgay v. Conrad,* 47 U.S. (6 How.) 201 (1848), the Supreme Court ruled "a decree declaring sundry deeds . . . to be fraudulent and void, and directing [property of the defendants] to be delivered up to the complainant," *id.* at 202, though not a final order in the strict and technical sense, was an appealable order nonetheless. *Id.* at 206. The Court reasoned that if the "appellants . . . must wait until the accounts are reported by the master and confirmed by the court, they will be subjected to irreparable injury[,]" and "such is not the meaning of the acts of Congress." *Id.* at 204 (footnote omitted).[4]

The Court noted it had ruled in *Whiting v. The Bank of the United States,* 38 U.S. (13 Pet.) 6 (1839), that a decree foreclosing a mortgage and directing the sale of the mortgaged premises was a final decree and "the defendant [was] entitled to his appeal without waiting for the return and confirmation of the sale . . . ." *Forgay v. Conrad,* 47 U.S. (6 How.) at 203. The decision in *Whiting,* the Court said, had been "placed . . . upon the ground, that the decree of foreclosure and sale was final upon the merits, and the ulterior proceedings but a mode of executing the original decree." *Id.* at 203-04. Our decisions on the appealability of such decrees, of course, are consistent with *Forgay* and *Whiting. See, e.g., MDG Supply, Inc. v. Diversified Investments, Inc.,* 51 Haw. 375, 463 P.2d 525 (1969), *reh'g denied,* 51 Haw. 479, 463 P.2d 525 (1969), *cert. denied,*

---

[4] The Supreme Court's holding was:

[W]hen the decree decides the right to the property in contest, and directs it to be delivered up by the defendant to the complainant, or directs it to be sold, or directs the defendant to pay a certain sum of money to the complainant, and the complainant is entitled to have such decree carried immediately into execution, the decree must be regarded as a final one to that extent, and authorizes an appeal to this court, although so much of the bill is retained in the Circuit Court as is necessary for the purpose of adjusting by a further decree the accounts between the parties pursuant to the decree passed.

47 U.S. (6 How.) at 204 (footnote omitted).

400 U.S. 868 (1970). "A judgment of foreclosure of mortgage or other lien and sale of foreclosed property[,]" therefore, "is final [for purposes of appeal pursuant to HRS § 641-1], although it contains a direction to commissioners to make a report of sale and to bring the proceeds into court for an order regarding their disposition." 51 Haw. at 380, 463 P.2d at 528 (citation omitted). For "such judgment finally determines the merits of the controversy, and subsequent proceedings are simply incidents to its enforcement." *Id.* (citations omitted).

## B.

But the judgment in the case at bar has not finally determined the merits of the controversy, and further proceedings in the circuit court will not be merely incidental to its enforcement — there are claims, counterclaims, and third-party claims yet to be determined. An appeal may be taken by an aggrieved party when these claims are resolved, and it may traverse some of the same ground the instant appeal would cover if we allowed it to go forward. This would, of course, set to naught the purpose of HRS § 641-1(a) to combine all stages of the proceeding in one review to promote the judicious use of scarce resources. *See Association of Owners of Kukui Plaza v. Swinerton & Walberg Co.,* 68 Haw. at _____, 705 P.2d at 34. Still, if the Woodses' appeal is not heard now they may be subjected to irreparable injury; the mortgage on their property has been foreclosed and the condominium apartment may well be sold before the summary judgment, decree of foreclosure, and the order of sale can be reviewed.

We have yet to pass on the vexing question posed by International's motion seeking dismissal of the Woodses' appeal, although our intermediate appellate court has. When confronted by the issue, the intermediate court ruled "that since [the] case involve[d] multiple claims and multiple parties and the third-party complaint remain[ed] pending, the requirements of Rule 54(b), HRCP, must be satisfied in order to appeal the fully decided but not *final or appealable* decree of foreclosure and order of sale filed on February 16, 1983." *TBS Pacific, Inc. v. Tamura,* 5 Haw. App. 222, 231, 686

P.2d 37, 45 (1984) (emphasis in original).[5] And since no certification of finality in accord with Rule 54(b) had been sought, the appeal was dismissed. *Id.; see also Sturkie v. Han,* 2 Haw. App. 140, 627 P.2d 296 (1981). Despite the appellate court's reasoned analysis of the operation of the doctrine of finality in multiple-claim and multiple-party settings, "the current state of the law [with respect to the time for appeal of a decree foreclosing a mortgage and directing the sale of mortgaged property in such settings remains] full of traps for the unwary and of angles for the shrewd." *Id.* at 147, 627 P.2d at 302. Since we do not subscribe to the "sporting theory of justice," *see DiCenzo v. Izawa,* 68 Haw. ____, ____, 723 P.2d 171, 175 (1986), our duty here is to diminish the hazards of litigation if we can.

### C.

"The considerations that determine finality [for appeal purposes] are not abstractions but have reference to very real interests — not merely those of the immediate parties but [also] those that pertain to the smooth functioning of our judicial system." *Republic Natural Gas Co. v. Oklahoma,* 334 U.S. 62, 69 (1948). These considerations are reflected in HRCP 54(b), and "[t]he rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2654, at 37 (1983) (footnote omitted). A purpose of the rule "is to reduce as far as possible the uncertainty and the hazard assumed by a litigant" when the trial court chooses to enter a judgment on one or more claims or as to one or more parties in a multiple-claim or multiple-party case and there are claims yet to be determined. *Dickinson v. Petroleum Conver-*

---

[5] This is consistent with the rulings of several Courts of Appeal that have considered the application of Rule 54(b) of the Federal Rules of Civil Procedure from which HRCP Rule 54(b) was derived. *See e.g., United Bonding Ins. Co. v. Stein,* 410 F.2d 483 (3d Cir. 1969); *Zwack v. Kraus Bros. & Co.,* 237 F.2d 255 (2d Cir. 1956); *but cf. Huckeby v. Frozen Food Express,* 555 F.2d 542, 546-47 (5th Cir. 1977) (footnote omitted) ("A Rule 54(b) certification is not a prerequisite to judicial review if . . . the *Forgay* rule impart[s] . . . finality to the order[.]").

*sion Corp.,* 338 U.S. 507, 512 (1950). "It provides an opportunity for litigants to obtain from the [trial court] a clear statement of what that court [intends] with reference to finality[.]" *Id.*

The rule does not compel the entry of a final judgment when one or more claims are disposed of or the action is terminated against one or more parties. C. Wright, A. Miller & M. Kane, *supra,* at 38. If the trial court intends the judgment to be final as far as those claims or parties are concerned, however, it must so state when a party moves for a declaration of finality pursuant to Rule 54(b); and it must do so in the unmistakable terms demanded by the rule. *See supra* note 2. "Absent a certification under Rule 54(b) any order in a multiple-party or multiple-claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory." C. Wright, A. Miller & M. Kane, *supra,* at 38.[6]

Here, the trial court's imprimatur of appealability is missing. Still, there can be no mistake about what the court intended with reference to the finality of the judgment and order from which an appeal has been taken. International has been awarded summary judgment on its suit to enforce the promissory note, the mortgage given by the Woodses as security thereon has been foreclosed, and a commissioner has been directed to sell the mortgaged property in execution of the judgment. If appellate review is to be meaningful in the circumstances, it must be carried out before the injury, if there is one, becomes irreparable. *Forgay v. Conrad,* 47 U.S. (6 How.) at 204.

Thus, we would be ignoring the need for making review available to the Woodses at a time that best serves their needs if we granted International's motion to dismiss the appeal. Yet, we would

---

[6] Another treatise, however, expresses the view that a Rule 54(b) certification is not necessary if the order is final by reason of the *Forgay* rule. Moore's has this to say regarding the matter:

A Rule 54b(b) [sic] certificate is required to impart finality to an order that is not otherwise final in the sense that it does not fully and finally determine all claims with respect to all parties. It is not required if appealability does not depend upon finality, as is the case when the order is an interlocutory order appealable as of right. Nor is it required if the order is final within the *Cohen* rule or the *Forgay-Conrad* rule.

9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 110.09, at 129 (2d ed. 1986) (footnotes omitted).

be derelict also if we ignored another purpose of Rule 54(b) — to foster the most efficient use of judicial resources — and allowed any appeal taken after the determination of all claims to traverse the same ground this appeal might. In view of the lack of prior guidance from us on just when and how an appeal from a decree of foreclosure and order of sale in a multiple-party or multiple-issue case should be noted, our decision is to permit the Woodses to proceed with their appeal. But we will not, in the course of any subsequent appeal in this case, consider any issues that can be presented in the instant appeal.

Hereafter, a litigant who would challenge the validity of a decree of foreclosure and an order for the sale of foreclosed property in a multiple-party or multiple-issue setting must seek a certification of finality pursuant to Rule 54(b). He will be deemed to have waived his right to appeal the trial court's action if he does not seek review when any injury allegedly caused by the court's judgment and order may still be repaired. The trial court then must either grant the requested certification or rescind the order directing the sale of the property; for an order denying a request for certification of finality and a prior order directing the sale of property in execution of a judgment are incompatible. *See* HRCP Rule 54(b).

The motion to dismiss the appeal is denied.

*Robert M. Ehrhorn, Jr.* and *Laurie J. Yoon (Okumura, Takushi, Funaki & Wee,* of counsel) on the motion for plaintiff-appellee.