924 P.2d 588

**Edmund S. P. WONG, Plaintiff–Appellant,**

v.

**Robert M. TAKEUCHI, Sandra Ohara, and Harry Ushijima, Defendants–Appellees.**

**No. 15954.**

Intermediate Court of Appeals of Hawai'i.

Aug. 30, 1996.

---

Robert L. Smith, on the brief, Kailua–Kona, for plaintiff-appellant Edmund S. P. Wong.

Michael W. Gibson, Theodore T. Herhold and Keith M. Yonamine (Ashford & Wriston, of counsel), on the brief, Honolulu, for defendants-appellants Robert M. Takeuchi and Harry Ushijima.

Sandra Ohara, Honolulu, defendant-appellee, pro se.

Before BURNS, C.J., and WATANABE and ACOBA, JJ.

WATANABE, Judge.

Because we (1) conclude that Plaintiff–Appellant Edmund S.P. Wong (Plaintiff) appeal-

ed from an order which was not final or appealable, and (2) disagree with Plaintiff that pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a), his notice of appeal from the nonfinal and nonappealable order was effectively filed upon the circuit court's entry of the final judgment in this case, we dismiss Plaintiff's appeal for lack of appellate jurisdiction.

## PROCEDURAL BACKGROUND

For purposes of determining whether we have jurisdiction to hear this appeal, the following dates are relevant:

August 6, 1987 Plaintiff filed in the Third Circuit Court (circuit court) a "Complaint for Dissolution of the Partnership, for Partnership Accounting, and for Contribution" against Defendants–Appellees Robert M. Takeuchi (Takeuchi), Sandra Ohara (Ohara), Harry Ushijima (Ushijima), and John Does 1–10 (collectively, Defendants).

In his complaint, Plaintiff requested "[t]hat the court issue an order dissolving and liquidating said partnerships known as Tharp/Wong/Ohara, Tharp/Wong dba Teshima's (Teshima's) and Honalo Properties[.]"

February 6, 1992 The circuit court filed (1) "Findings of Fact and Conclusions of Law," and (2) an "Order Granting in Part and Denying in Part [Defendants'] Motions for Summary Judgment Concerning Liability of Incoming Partners and Regarding Statute of Limitations, Laches and Failure to Join Indispensable Parties" (collectively, February 6, 1992 Order).

In the February 6, 1992 Order, the circuit court essentially concluded that (1) Plaintiff failed to join indispensable parties in his claim for an accounting and contribution; (2) Plaintiff's lawsuit was barred by the six-year statute of limitations applicable to actions for partnership accounting and contribution, because Teshima's had dissolved in 1977 and the statute of limitations began running from that date; and (3) Plaintiff's lawsuit, which he filed nine years after Teshima's had been dis-

solved, was barred by laches because Plaintiff failed to exercise diligence and avoid unreasonable delay in prosecuting this action, resulting in prejudice to Defendants.

The circuit court accordingly granted with prejudice Defendants' motion for summary judgment "dismissing the prayer in the Complaint for accounting and contribution" for (1) failure to join indispensable parties, (2) laches, and (3) failure to file the complaint within the applicable statute of limitations. The circuit court denied Defendants' motion for summary judgment regarding the liability of incoming partners.

March 3, 1992 Plaintiff filed a notice of appeal from the February 6, 1992 Order.

May 28, 1992 The circuit court entered a "Final Judgment," which "ORDERED, ADJUDGED AND DECREED that judgment be entered in the above-entitled matter in favor of [Defendants] and against Plaintiff[.]"

June 25, 1992 Takeuchi and Ushijima filed a Motion to Amend the May 28, 1992 Final Judgment, on grounds that "[t]he Final Judgment neglects to state how each of the prayers in the complaint has been disposed of."

July 24, 1992 The circuit court filed an Amended Final Judgment, which stated, in relevant part, as follows:

IT IS

HEREBY ORDERED, ADJUDGED AND DECREED that judgment be entered in the above-entitled matter in favor of Defendants ... and against Plaintiff.... The prayer in the complaint to dissolve Honalo Properties and Tharp, Wong, Ohara, also known as Tharp/Wong dba Teshima's, is granted. The prayer in the complaint for sums due under the October 31, 1974 contracts is dismissed with prejudice. The prayer in the complaint for consequential damages and loss of the prospective partnership benefit is dismissed with prejudice. Plaintiff owes Takeuchi $700.00 in costs and $13,-

968.42 in attorneys' fees. Plaintiff owes Ushijima $35.00 in costs and $13,968.42 in attorneys' fees."

Plaintiff did not file a notice of appeal from either the May 28, 1992 Final Judgment or the July 24, 1992 Amended Final Judgment. In his opening brief, however, Plaintiff claims that he is appealing not only from the February 6, 1992 Findings and Conclusions and the February 6, 1992 Order, but from the May 28, 1992 Final Judgment and the July 24, 1992 Amended Final Judgment as well.

## DISCUSSION

### A.

■ "[E]very court must determine as a threshold matter whether it has jurisdiction to decide the issues presented. Moreover, subject matter jurisdiction may not be waived and can be challenged at any time." *Arthur v. Sorensen,* 80 Hawai'i 159, 162, 907 P.2d 745, 748 (1995) (quoting *Public Access*

*Shoreline Hawaii v. Hawai'i County Planning Comm'n,* 79 Hawai'i 425, 431, 903 P.2d 1246, 1252 (1995)) (brackets omitted).

■ As a general matter, an appellate court's jurisdiction is limited to a review of final judgments, orders and decrees. *Ciesla v. Reddish,* 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995); Hawai'i Revised Statutes (HRS) § 641–1(a) (1993).[1] A judgment is final when all claims of the parties to the case have been terminated. *Id.* Absent the entry of final judgment as to all claims, an appeal may generally be taken from a nonfinal order or decree if (1) leave to take an interlocutory appeal has been granted by the circuit court pursuant to HRS § 641–1(b),[2] *Arthur* at 162–63, 907 P.2d at 748–49; (2) the order or decree has been certified as final for appeal purposes pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b)[3]; (3) the order or decree being appealed is an "appealable order" under the collateral order doctrine,[4] *International Sav. & Loan Ass'n v.*

---

1. Hawai'i Revised Statutes (HRS) § 641–1(a) (1993) provides, in relevant part, as follows:

 Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit ... courts ... to the supreme court or to the intermediate appellate court....

2. HRS § 641–1(b) (1993) provides, in relevant part, as follows:

 Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion ... from any interlocutory judgment, order, or decree whenever the circuit court may think the same advisable for the speedy termination of litigation before it.

3. Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b) provides, in pertinent part, as follows:

 When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

4. A "collateral order" is an order or decree which " 'finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' " *International Sav. & Loan Ass'n v. Woods,* 69 Haw. 11, 15, 731 P.2d 151, 154 (1987) (quoting *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949)). Collateral orders are "immediately appealable since they may not be effectively reviewable and rights could be lost, perhaps irretrievably, if review invariably had to await final judgment." *Id.* at 15, 731 P.2d at 154. Examples of collateral orders include orders restraining a party from contacting anyone connected with a foreclosure sale, *MDG Supply, Inc. v. Ellis,* 51 Haw. 480, 481–82, 463 P.2d 530, 531–32 (1969), orders compelling or denying arbitration, *Association of Owners of Kukui Plaza v. Swinerton & Walberg Co.,* 68 Haw. 98, 107, 705 P.2d 28, 34–35 (1985), decrees dissolving a marriage, *Cleveland v. Cleveland,* 57 Haw. 519, 523–24, 559 P.2d 744, 747 (1977), judgments of foreclosure or other liens and sales of foreclosed property, *MDG Supply, Inc. v. Diversified Inv., Inc.,* 51 Haw. 375, 380, 463 P.2d 525, 528 (1969), *cert. denied, Ellis v. MDG Supply, Inc.,* 400 U.S. 868, 91 S.Ct. 99, 27 L.Ed.2d 108 (1970), orders of formal probate of will or intestacy entered in a formal testacy proceeding, *In re Chun,* 6 Haw.App. 306, 309, 719 P.2d 1114, 1117 (1986), orders denying motions to intervene, *Kim v. H.V. Corp.,* 5 Haw.App. 298, 301, 688 P.2d 1158, 1160 (1984).

*Woods*, 69 Haw. 11, 15, 731 P.2d 151, 154 (1987); (4) the order or decree being appealed is an "appealable order" under the *Forgay* or immediate execution/irreparable injury doctrine,[5] *Penn v. Transportation Lease Hawaii, Ltd.*, 2 Haw.App. 272, 274, 630 P.2d 646, 649 (1981); or (5) the order or decree is immediately appealable pursuant to a statutory provision. *See, e.g., City & County of Honolulu v. Hapai*, 44 Haw. 7, 8–9, 352 P.2d 333, 334 (1959) (orders determining public use issue in condemnation action immediately appealable pursuant to Revised Laws of Hawai'i (RLH) § 8–32); HRS § 584–24(e) (1993) (orders terminating a natural father's parental rights in a paternity action must be appealed within thirty days of entry of order); HRS § 380–10 (1993) (grants or denials of temporary injunctions involving or arising out of labor dispute immediately appealable as of right).

### B.

 Because the February 6, 1992 Order from which this appeal was taken disposed of only Plaintiff's claim for dissolution of Teshima's and failed to rule on Plaintiff's claim for dissolution of all the partnerships, it was not a final judgment for appeal purposes. Additionally, it was not an appealable collateral order because the matters it decided were not too independent of the cause itself to warrant that appellate consideration be deferred until the whole case was adjudicated. The February 6, 1992 Order was also not immediately appealable by statute and did not authorize immediate execution of a command that Plaintiff deliver property to another, thus subjecting Plaintiff to irreparable injury. In order to appeal directly from the February 6, 1992 Order, therefore, it was incumbent upon Plaintiff to obtain either leave from the circuit court to file an interlocutory appeal or an HRCP Rule 54(b) certification of the February 6, 1992 Order as final for appeal purposes. Plaintiff, however, took neither action. Consequently, we lack appellate jurisdiction to decide Plaintiff's appeal of the February 6, 1992 Order.

### C.

 The May 28, 1992 Final Judgment did not dispose of all of Plaintiff's claims, specifically, Plaintiff's request that all of the partnerships be dissolved and liquidated. Therefore, it was not a "final judgment" for appeal purposes even if it was so labeled. *Jacober v. Sunn*, 5 Haw.App. 20, 25 n. 5, 674 P.2d 1024, 1028 n. 5 (1984). The final judgment for appeal purposes was the July 24, 1992 Amended Final Judgment, which disposed finally all the issues in this case.

The parties do not dispute that Plaintiff did not file a notice of appeal from the July 24, 1992 Amended Final Judgment within thirty days, as required by HRAP Rule 4(a)(1).[6] Defendants contend, therefore, that we have no jurisdiction to decide Plaintiff's appeal from the May 28, 1992 Final Judgment and the July 24, 1992 Amended Final Judgment. We agree.

Contrary to Plaintiff's argument, HRAP Rule 4(a)(2) does not save his appeal permitting his March 3, 1992 Notice of Appeal to be deemed effectively filed upon entry of the July 24, 1992 Amended Final Judgment.

HRAP Rule 4(a)(2), which is modeled after Federal Rules of Appellate Procedure

---

5. The *Forgay* doctrine allows appeals from orders or decrees that authorize immediate execution of a command that property be delivered to another, where the losing party will be subjected to irreparable injury, if appellate review had to await the final outcome of the litigation, *Penn v. Transportation Lease Hawaii, Ltd.*, 2 Haw.App. 272, 274, 630 P.2d 646, 649 (1981) (citing *Forgay v. Conrad*, 47 U.S. 201, 6 How. 201, 12 L.Ed. 404 (1848)). Foreclosure decrees and orders for the sale of specific property are examples of orders and decrees held appealable under the *Forgay* doctrine. *International Sav. & Loan Ass'n v. Woods*, 69 Haw. 11, 16, 731 P.2d 151, 154–55 (1987).

6. Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1) provides, in relevant part, as follows:

> In a civil case in which an appeal is permitted by law as of right from a court or agency or by an order of a court granting an interlocutory appeal or by a Rule 54(b), HRCP or DCRCP, certificate from the court appealed from, the notice of appeal required by Rule 3 shall be filed by a party with the clerk of the court or agency appealed from within 30 days after the date of entry of the judgment or order appealed from.

(FRAP) Rule 4(a)(2), provides generally that "[e]xcept as provided in (a)(4) [7] of this rule, notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof." We are unaware of any recorded history explaining the history and intent of HRAP Rule 4(a)(2). Consequently, in construing the rule, we may look to the history of the comparable federal rule for guidance. *Richardson v. Sport Shinko*, 76 Hawai'i 494, 501, 880 P.2d 169, 176 (1994).

Paragraph (2) was added to subdivision (a) of FRAP Rule 4 in 1979. The Notes of the Advisory Committee on the 1979 Amendments explain that

> [t]he ... amendment to [FRAP] Rule 4(a)(2) would extend to civil cases the provisions of [FRAP] Rule 4(b),[8] dealing with criminal cases, designed to avoid the loss of the right to appeal by filing the notice of appeal prematurely. Despite the absence of such a provision in [FRAP] Rule 4(a) the courts of appeals quite generally have held premature appeals effective.... The ... amended rule would recognize this practice but make an exception in cases in which a post trial motion has destroyed the finality of the judgment.

(Citations omitted, footnote added.)

Professor Moore discusses the effect of FRAP Rule 4(a)(2) as follows:

> [FRAP Rule 4(a)(2) ] gives explicit sanction to the cases holding that the filing of a notice of appeal after decision but before the entry of judgment ought not to result in loss of the right to appeal. It is to be noted, however, that [FRAP] Rule 4(a)(2) relates to a notice of appeal filed "after the announcement of a decision or order but before the entry of the judgment or order." *It applies, therefore, only to a decision that will be final on its entry. It does not make appealable an order that is not*

*appealable* under § 1291 [pertaining to the jurisdiction of the court of appeals over final decisions of the district courts] or § 1292(a) [pertaining to the jurisdiction of the court of appeals over interlocutory decisions]. *It remains true, therefore, that an appeal from an interlocutory order not appealable under § 1292(a) will be dismissed and an appeal will have to be taken from the final decision. Nor does it save an appeal that is taken from an order appealable only on a finding under [Federal Rules of Civil Procedure] Rule 54(b).*

9 J. Moore, *Moore's Federal Practice* ¶ 204.14 at 4–147-4–149 (2d ed.1996) (footnotes omitted, bracketed explanatory notes and emphases added).

The United States Supreme Court has construed FRAP Rule 4(a)(2) consistently with Professor Moore's understanding of the rule. In *Firstier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991), the Supreme Court was called upon to determine whether an appeal from a final judgment had been perfected, pursuant to FRAP Rule 4(a)(2), when the notice of appeal was filed after the district court had announced from the bench its decision as to all the claims of the parties but before the entry of the judgment and before the parties had submitted proposed findings of fact and conclusions of law. In answering this question in the affirmative, the Supreme Court initially discussed the history and purpose of FRAP Rule 4(a)(2):

> Added to the Federal Rules in 1979, [FRAP] Rule 4(a)(2) was intended to codify a general practice in the courts of appeals of deeming certain premature notices of appeal effective. The Rule recognizes that, unlike a tardy notice of appeal, certain premature notices do not prejudice the appellee and that the technical defect of prematurity therefore should not be al-

---

7. HRAP Rule 4(a)(4) provides that if certain specified post-judgment motions are timely filed, a "notice of appeal filed before the disposition of [such] motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of of [sic] the motion...."

8. Federal Rules of Appellate Procedure (FRAP) Rule 4(b), which has been in existence since 1966, provides, in part, that in criminal cases, "[a] notice of appeal filed after the announcement of a decision, sentence, or order—but before entry of the judgment or order—is treated as filed on the date of and after the entry."

lowed to extinguish an otherwise proper appeal.

*Id.* at 272, 111 S.Ct. at 650 (citations omitted).

The Supreme Court then concluded as follows:

[W]e conclude that [FRAP] Rule 4(a)(2) permits a notice of appeal filed from certain nonfinal decisions to serve as an effective notice from a subsequently entered final judgment.

* * *

Under [FRAP] Rule 4(a)(2), a premature notice of appeal does not ripen until judgment is entered. Once judgment is entered, the Rule treats the premature notice of appeal "as filed after such entry." Thus even if a bench ruling in a given case were not "final" within the meaning of § 1291, [FRAP] Rule 4(a)(2) would not render that ruling appealable in contravention of § 1291. Rather, it permits a premature notice of appeal from that bench ruling to relate forward to judgment and serve as an effective notice of appeal *from the final judgment.*

* * *

... [FRAP] Rule 4(a)(2) was intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment. *This is not to say that [FRAP] Rule 4(a)(2) permits a notice of appeal from a clearly interlocutory decision—such as a discovery ruling or a sanction order under Rule 11 of the Federal Rules of Civil Procedure—to serve as a notice of appeal from the final judgment. A belief that such a decision is a final judgment would not be reasonable. In our view, [FRAP] Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment.* In these instances, a litigant's confusion is

understandable, and permitting the notice of appeal to become effective when judgment is entered does not catch the appellee by surprise. Little would be accomplished by prohibiting the court of appeals from reaching the merits of such an appeal.

*Id.* at 274–76, 111 S.Ct. at 652–53 (emphases added, citations omitted).

Although the underscored language quoted above could be regarded as *dicta* because *Firstier* did not involve an appeal from a nonfinal *order* and the Supreme Court expressly declined to offer a view on the meaning of the term "order" as used in FRAP Rule 4(a)(2), *id.* at 275 n. 4, 111 S.Ct. at 652 n. 4, at least one federal court of appeals has similarly concluded that FRAP Rule 4(a)(2) does not permit an appeal of a final judgment to be perfected by a notice of appeal from a nonfinal or nonappealable order. *See United States v. Taylor,* 632 F.2d 530 (5th Cir.1980) (defendants' appeal from an interlocutory order that lacked requisite finality to be appealable dismissed as premature; subsequent final judgment, from which no appeal was taken, did not retroactively validate premature notice of appeal).

The Hawai'i Supreme Court has applied HRAP Rule 4(a)(2) in a manner consistent with the history and precedent of the counterpart federal rule. In *Shimabuku v. Montgomery Elevator Co.,* 79 Hawai'i 352, 903 P.2d 48 (1995), a premature notice of appeal from the court's announcement of a final and appealable order denying intervention was deemed timely upon court's entry of that order. Similarly, in *Makaneole v. Pacific Ins. Co.,* 77 Hawai'i 417, 886 P.2d 754 (1994), *reconsideration denied,* 77 Hawai'i 489, 889 P.2d 66 (1995), a premature notice of appeal from the court's announcement of a final order granting appellee summary judgment was deemed timely upon the court's entry of the order.

What distinguishes Plaintiff's case from the precedent established by the Hawai'i cases construing HRAP Rule 4(a)(2) is that Plaintiff filed his notice of appeal from the February 6, 1992 Order, which was not final or appealable upon its entry. Under these circumstances, HRAP Rule 4(a)(2) does

not permit Plaintiff's March 3, 1992 Notice of Appeal to serve as an effective notice of appeal from the subsequently entered July 24, 1992 Amended Final Judgment.

Appeal dismissed.