NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29115

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DON WILLIAMS, Petitioner-Appellant,
v.
STATE OF HAWAI'I, DEPARTMENT OF LAND AND NATURAL
RESOURCES, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P. NO. 07-1-0061(1))

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley, and Fujise, JJ.)

This appeal arises out of a dispute over lease rent between Plaintiff-Appellant Don Williams (Williams) as lessor and Respondent-Appellee State of Hawai'i, Department of Land and Natural Resources (State) as lessee. For the reasons discussed below, we conclude that this court lacks jurisdiction over the issues raised by Williams in this appeal. We therefore dismiss this appeal for lack of jurisdiction.

I.

On September 1, 1994, Williams and the State entered into Lease B-94-4 (Lease), for a term of 30 years, for real property totaling 1.137 acres on Maui. The Lease was signed on behalf of the State by Keith W. Ahue, the duly authorized Chairperson and Member of the Board of Land and Natural Resources (BLNR), and was approved by the BLNR.

The Lease provides for the redetermination of the lease rent every two years and further provides that if the parties cannot agree, then the rent shall be determined through an arbitration procedure set forth in the Lease. The parties could not resolve disputes over the lease rent for the terms beginning in September 2004 and September 2006.

A.    Circuit Court Proceedings

On October 16, 2007, Williams initiated a special proceeding, S.P. No. 07-1-0061(1), in the Circuit Court of the Second Circuit (circuit court),[1] by filing an "Application: (i) To Compel Compliance with Arbitration Agreement, (ii) For Designation and Appointment of Arbitrator, and (iii) For Award of Attorneys' Fees" (Williams's Application).  Among other things, Williams sought an order from the circuit court directing the State to comply with the arbitration agreement in the Lease "by proceeding with arbitration conducted solely pursuant to the terms of the Lease for the purpose of determining" the market value of the leased premises as of September 1, 2004, and September 1, 2006.  Williams also sought an order from the circuit court designating and appointing an arbitrator to act as the State's representative to make the market value determination for the September 1, 2006, term and directing the arbitrators to determine a series of questions.

The State opposed the Williams's Application and asked that it be denied.  The State argued that Williams's filing of the Williams's Application was premature because 1) the State had notified Williams that its appraisal for the 2006 term would be completed by around the end of October 2007; 2) the State's 2006 appraisal was, in fact, completed on the same day that the Williams's Application was filed; and 3) the State shortly thereafter communicated the results of the 2006 appraisal to Williams.  The State also argued that the Williams's Application was unnecessary because the State had agreed to arbitration regarding the 2004 term and had expressed its willingness to discuss procedures for arbitrating the rents for the 2004 and 2006 terms back to back.

Williams filed a reply memorandum which noted that the State had agreed that the rent determination for the 2004 and 2006 terms could proceed to arbitration and had named its

---

[1] The Honorable Joel E. August presided.

arbitrator for the 2006 term.  Williams acknowledged that those aspects of the Williams's Application were moot.  Williams, however, asserted that the parties could not agree on the timing for the arbitrations on the 2004 and 2006 terms and on the issues to be decided by the arbitrators.  Williams asked the circuit court for guidance and for relief on these disputed matters.

During a meeting with the arbitrators selected to determine the lease rents, it became clear that the parties did not agree on the minimum rate of return that should be used in calculating the rent.  The parties submitted supplemental briefs to the circuit court on whether the Lease had been modified to increase the minimum rate of return used to calculate the rent from 8 percent to 8.75 percent.  Section 2.1 of the Lease, which contains the procedures for determining rent, provides that rent for each two-year term shall be the greater of:

> (a) Eight percent (8%) (or the then prevailing rate of return of land similar in type and location to the Premises, whichever is greater), of the fair market value of the Premises as determined by an independent appraisal. . .; or

> (b) the annual rental amount in effect during each of the two (2) years immediately preceding the current two (2) year segment.

(Emphasis added.)

Williams argued that the Lease had been modified and the minimum rate of return increased to 8.75 percent as reflected in a letter, dated November 16, 1998, written by John Hino, Property Manager for the Division of Boating and Ocean Recreation for the Department of Land and Natural Resources (DLNR).[2]  In that letter, Hino noted that based on his "office's interpretation," (1) the minimum value of the property was $2,230,000 and the minimum rate of return to calculate rent was 8.75 percent and (2) "[i]t is understood that the value and rate of return can never be less than [these] amounts."

---

[2] In his supplemental brief to the circuit court, Williams stated that the parties had resolved their dispute over the timing of the arbitrations for the 2004 and 2006 terms by agreeing to have the rents determined for both terms in the same arbitration hearing.

The State disputed Williams's contention that the Lease had been modified to increase the minimum rate of return to 8.75 percent. The State argued that 1) the Lease provided that it could only be modified by a written agreement and that Hino's letter did not constitute a written agreement; 2) Hino had no authority to amend the Lease; and 3) the BLNR, the only entity with the power and authority to amend the Lease, had not approved any change to the minimum 8 percent rate of return set forth in the original Lease.

On February 11, 2008, the circuit court issued an order denying the Williams's Application and further ordering that "the: (a) minimum rate of return under the Lease remains eight percent (8%); and (b) matters submitted to the Arbitrators for the 2004 and 2006 rent reopening are: 1) the applicable rate of return; and 2) the fair market value of the Premises as defined in section 1.3(b) of the Lease" (February 11, 2008, Order).

Williams filed a motion for reconsideration of the February 11, 2008, Order. On April 3, 2008, the circuit court issued an order denying Williams's motion for reconsideration of the February 11, 2008, Order (Order Denying Motion for Reconsideration).

On April 18, 2008, Williams filed a notice of appeal from the February 11, 2008, Order and the Order Denying Motion for Reconsideration.

On April 29, 2008, in the same circuit court special proceeding, S.P. No. 07-1-0061(1), the State filed an "Application: (i) To Compel Arbitration; (ii) To Impose Sanctions Against [Williams] for Any Further Delay in the Start of Arbitration Proceedings; and (iii) For Award of Attorney's Fees and Costs Against [Williams]" (State's Application). The State contended that Williams was "delaying and refusing to proceed with the very same arbitration proceeding" for which [Williams] filed an application to compel. The State asked the circuit court to compel Williams to immediately begin the arbitration proceedings and to impose sanctions, including costs and

4

attorney's fees, against Williams. Williams opposed the State's Application on the ground that he had appealed the February 11, 2008, Order and wanted to resolve the appeal before proceeding with arbitration.

On June 5, 2008, the circuit court issued an order granting the State's Application in part. The circuit court granted the State's request to compel arbitration, but denied without prejudice the request for attorney's fees and costs (June 5, 2008, Order). On June 18, 2008, Williams filed a notice of appeal from the June 5, 2008, Order.

B. Proceedings in this Court

As noted, Williams filed a notice of appeal from the February 11, 2008, Order and the Order Denying Motion for Reconsideration. This appeal was designated as Appeal No. 29115 and is the appeal that is presently before this court. Williams also filed a notice of appeal from the June 5, 2008, Order, which was designated as Appeal No. 29209.

The State moved this court to dismiss Williams's appeal in the instant appeal (Appeal No. 29115). The State argued that this court did not have jurisdiction because the orders appealed from were not appealable orders or judgments. Williams filed a memorandum in opposition.

On September 26, 2008, we granted in part and denied in part, the State's motion to dismiss. We stated that "[w]hen a party appeals from a circuit court order regarding an arbitration issue, there are two statutes that can potentially authorize an appeal: (1) Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2007), and (2) HRS § 658A-28 (Supp. 2007)." Citing Jenkins v. Cades Shutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), we concluded that "[t]he circuit court has not yet entered a final judgment" and thus an appeal could not be maintained pursuant to HRS § 641-1(a).

We noted that HRS § 658A-28(a)(1) authorizes an appeal from "an order denying a motion to compel arbitration." (Brackets omitted.) We therefore concluded that the February 11,

5

2008, Order was an appealable order under HRS § 658A-28(a)(1) to the extent that it denied Williams's motion to compel arbitration.

In a footnote, we stated:

> We have no appellate jurisdiction to review the circuit court's February 11, 2008, [O]rder to the extent that it determined: (a) a minimum rate of return under the Lease; and (b) the matter to be submitted to the Arbitrators. Therefore, Williams may challenge these pre-arbitration rulings of the court in conjunction with an appeal, if any, from an order confirming arbitration award or other such final order or judgment in this case.

On October 17, 2008, this court issued an order dismissing Appeal No. 29209, in which Williams appealed from the circuit court's June 5, 2008, Order, for lack of appellate jurisdiction. We concluded that the June 5, 2008, Order was not appealable pursuant to HRS § 641-1(a) because that statute only permits appeals from final judgments, orders, or decrees. Citing Jenkins and the requirement of Hawai'i Rules of Civil Procedure (HRCP) Rule 58 (1990) that [e]very judgment shall be set forth on a separate document[,]" we determined that the circuit court had not yet entered a final judgment in the case. We further concluded that the June 5, 2008, Order was not appealable pursuant to HRS § 658A-28 and that no exceptions to the final judgment requirement applied. We ruled that "[a]bsent an appealable final order or judgment, Appellant Williams's appeal is premature and we lack appellate jurisdiction." (Emphasis added.)

II.

A.

In Excelsior Lodge Number One, Independent Order of Odd Fellows v. Eyecor, Ltd., 74 Haw. 210, 847 P.2d 652 (1992), the Hawai'i Supreme Court indicated that a trial court's pre-arbitration ruling should be appealed in connection with an appeal of an order compelling arbitration. In Excelsior Lodge,

the lessor filed a special proceeding[3] seeking to compel arbitration to determine the lease rent according to the agreement contained in the master lease. Id. at 215, 847 P.2d at 655. The lessee and sublessee (collectively, "lessee") opposed the lessor's request, arguing that a statutory rent ceiling applied to the rent determination because the sublessee was a cooperative housing corporation. Id. The trial court granted the lessor's motion and entered an order compelling the parties to follow the master lease arbitration procedure. Id. at 216, 847 P.2d at 656. Lessee did not appeal from the order compelling arbitration, and the arbitration process went forward. Id. During the arbitration, the lessee filed a motion with the trial court seeking a ruling prohibiting the arbitrators from setting a rental amount in excess of the statutory rent ceiling requirement. Id. The trial court ruled that the rent ceiling requirement was not applicable. Id.

The arbitrators subsequently awarded the lessor rent in excess of statutory rent ceiling. Id. at 216, 222, 847 P.2d at 656, 658. The lessor filed a motion to confirm the arbitration award, which the trial court granted. Id. at 217, 847 P.2d at 656. The lessee appealed from the order compelling arbitration, the order ruling that the rent ceiling requirement was not applicable (rent-ceiling order), and the order confirming the arbitration award (confirmation order). Id. at 218, 847 P.2d at 656.

The supreme court held that the lessee could not challenge the confirmation order by seeking to change the award to reduce the award to the statutory rent ceiling amount because it had failed to timely bring a motion to vacate, modify, or

---

[3] We believe that the lessor filed a special proceeding based on the description of the proceedings and because this court noted that lessor had filed "S.P. 90-00666" in our decision in Excelsior Lodge, 9 Haw. App. 354, 359, 847 P.2d 667, 670 (1992), a decision that was subsequently reversed by the Hawai'i Supreme Court. We understand the "S.P." designation to refer to a special proceeding.

correct the award. Id. at 222-23, 847 P.2d at 658.[4/] The supreme court further held that because the lessee had failed to timely challenge the arbitration award, the lessee had no means of overturning the confirmation order, and thus its appeal of the rent-ceiling order was moot. Id. at 229, 847 P.2d at 661.

With respect to the order compelling arbitration, the supreme court concluded that this was an appealable collateral order that the lessee should have immediately appealed. Id. at 230-33, 847 P.2d at 662-63. The court stated, "Given its principal claim that the provisions of [the rent ceiling statute] apply to the instant arbitration, [lessee] should have immediately appealed the trial court's initial decision to compel arbitration in order to have the issue settled at the most opportune time in the dispute." Id. at 233, 847 P.2d at 663. The court noted that the lessee had previously filed an appeal from the order compelling arbitration that had been dismissed as untimely because the lessee had waited more than thirty days to appeal that order. Id. at 232-33, 847 P.2d at 662. The court held that "a reviewing court shall not consider an unappealed . . . order compelling arbitration on an appeal from a final judgment in the same case." Id. at 234, 847 P.2d at 663.

B.

We note that Excelsior Lodge was decided before the Hawai'i Supreme Court's decision in Jenkins. In Jenkins, the supreme court prospectively commanded strict compliance with the separate document requirement of HRCP Rule 58 for subsequently filed appeals and required that an appeal from a order that purports to be a final order may be taken only after the order has been reduced to separate judgment. Jenkins, 76 Hawai'i at 118-20, 869 P.2d at 1337-39. Prior to Jenkins, the supreme court

_____

[4/] The supreme court noted that even if a party files a motion to vacate, modify, or correct an arbitration award, that party's appeal would be limited to a consideration of the specific grounds authorized by the arbitration statute for challenging an arbitration award. Excelsior Lodge, 74 Haw. at 227 n.16, 847 P.2d at 660 n.16.

had permitted appeals from orders that had not been reduced to a separate judgment. See id.

Because Excelsior Lodge was decided pre-Jenkins, the court may not have focused on the separate judgment requirement. The court also may not have focused on whether an order compelling arbitration issued in a special proceeding brought to compel arbitration qualifies as a collateral order, since that was not an issue raised by the parties. See State v. Wheeler, 121 Hawai'i 383, 399, 219 P.3d 1170, 1186 (2009) (concluding that for purposes of stare decisis, the holdings of cases "are limited to issues that were actually decided by the court").

Where a motion to compel arbitration is made during the course of a broader lawsuit seeking relief on various causes of action, the order compelling arbitration is properly viewed as collateral order that is independently appealable without a separate judgment. See Association of Owners of Kukui Plaza v. Swinerton & Walberg Co., 68 Haw. 98, 102-07, 705 P.2d 28, 32-35 (1985); Douglas v. Pflueger Hawaii, Inc., 110 Hawai'i 520, 522 & n.1, 523, 135 P.3d 129, 131 & n.1, 132 (2006). However, where a motion to compel arbitration is brought in a special proceeding whose purpose is to determine whether arbitration is required, an order compelling arbitration does not qualify as a collateral order because it does not "determine claims of right separable from and collateral to, rights asserted in the action." Kukui Plaza, 68 Haw at 105, 705 P.2d at 34 (quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949)). Instead, in such a special proceeding, like the one instituted in this case, the order compelling arbitration decides rights directly asserted in and integral to the action and thus must be reduced to a separate judgment, pursuant to Jenkins, before an appeal can be taken.

III.

In our prior order granting in part and denying in part the State's motion to dismiss this appeal, we ruled that we had jurisdiction over Williams's appeal from the circuit court's February 11, 2008, Order to the extent that this order denied

9

Williams's motion to compel arbitration. However, Williams does not argue in this appeal that the circuit court erred in denying his request to compel arbitration.

In our prior order partially granting and denying the State's motion to dismiss, we specifically stated that "[w]e have no appellate jurisdiction to review the circuit court's February 11, 2008, [O]rder to the extent that it determined: (a) a minimum rate of return under the Lease; and (b) the matter to be submitted to the Arbitrators." The only issues raised by Williams in this appeal concern the circuit court's pre-arbitration decision regarding the minimum rate of return under the Lease. With respect to the issues raised by Williams in this appeal, the February 11, 2008, [O]rder was a non-final, non-appealable order. Thus, we lack jurisdiction to consider the issues raised by Williams in this appeal, and we dismiss this appeal for lack of jurisdiction.

We note that Excelsior Lodge authorizes Williams to challenge the circuit court's ruling on the minimum rate of return in connection with an appeal of the circuit court's June 5, 2008, Order, which granted the State's request to compel arbitration. See Excelsior Lodge, 74 Haw. at 233, 847 P.2d at 663.[5] We dismissed Williams's appeal of the June 5, 2008, Order in Appeal No. 29209 as premature because no separate final judgment had been entered. Under our ruling, which was based on Jenkins, Williams could have perfected and perhaps still can perfect his right to appeal by having the circuit court enter a final judgment on its June 5, 2008, Order. It appears that so far, Williams has failed to do so.

_____

[5] To the extent we suggested that Williams could obtain review of the circuit court's pre-arbitration ruling on the minimum rate of return in an appeal from an order confirming the arbitration award, that appears to be incorrect. See Excelsior Lodge, 74 Haw. at 233-34, 847 P.2d at 663.

IV.

For the foregoing reasons, we dismiss Williams's instant appeal (Appeal No. 29115) for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, March 23, 2010.

On the briefs:

Matthew V. Pietsch
(Law Offices of
Matthew V. Pietsch, LLLC)
on the opening brief
for Petitioner-Appellant

Jefferry Kato
Deputy Attorney General
for Respondent-Appellee

Don Williams
Petitioner-Appellant Pro Se
on the reply brief

Chief Judge

Associate Judge

Associate Judge