Leroy J. BLACKWELDER, Plaintiff,

v.

James A. CROOKS, Defendant.

In re Frederick A. STERLING.

Civ. A. Nos. 3431–56, 4006–55.

United States District Court
District of Columbia.

April 17, 1957.

---

Justin L. Edgerton, Washington, D. C., for the motion.

Mark P. Friedlander, Washington, D. C., opposed.

HOLTZOFF, District Judge.

There are before the Court two motions to adjudicate Leroy J. Blackwelder and Patrick David Sterling in contempt of court for failing to comply with an order made by this Court in these two cases which were consolidated for trial. The contempt charge involves a civil contempt.

This litigation involves certain assets of the estate of Frederick A. Sterling for whom a conservator was appointed due to the fact that the infirmities of advanced age have rendered it difficult for him to administer his own property. In the course of the trial the undisputed fact appeared that the respondent Patrick David Sterling, a son of Frederick A. Sterling, had obtained a power of attorney from his father to deal with his father's property. The Court found that the father was not competent to execute such a power of attorney and rendered judgment declaring it null and void.

Prior to the trial, however, acting upon the basis of the power of attorney, Patrick D. Sterling transferred certain securities belonging to his father to Leroy J. Blackwelder, and the two together sold these securities for a sum in excess of $57,000. The check for that amount was cashed by Leroy J. Blackwelder over the counter at the bank on which it was drawn. Blackwelder testified that he took the money, put it in a box, carried it to Florida, and buried the box in the ground in the region of Florida known as the Everglades, and that the box with the money in it is still there.

The Court then directed Blackwelder and Patrick David Sterling to pay the money over to the conservator, or in the alternative, deposit it in the Registry of the Court, not later than January 22, 1957. The purpose of the Court in according to the respondents the alternative of depositing the money into the Registry of the Court, was to leave the funds intact pending the disposition of any appeal that might be taken, if one were taken, but at the same time protecting the estate from loss.

This order has not been complied with. The money has not been paid over to the conservator and has not been deposited into the Registry of the Court. Having violated the order of the Court the respondents are obviously guilty of contempt.

It is urged in their behalf that this Court has no jurisdiction to enter-

**28**

tain a motion to punish for contempt in view of the fact that an appeal from the order of the Court has been taken and is now pending in the United States Court of Appeals. No supersedeas, however, has been obtained, and therefore the order is in effect and must be obeyed.

Rule 62 of the Federal Rules of Civil Procedure, 28 U.S.C.A. explicitly provides that when an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay. The necessary implication is that without giving a supersedeas bond or unless otherwise ordered by the Court, the order is not stayed, even though an appeal is pending. Otherwise a person could completely frustrate judicial proceedings by disobeying an order of the Court during the pendency of an appeal without giving any security that it will be complied with in the event of affirmance. The law is not as helpless in that respect as counsel would urge.

■ In Land v. Dollar, 88 U.S.App. D.C. 311, 324, 190 F.2d 366, 379, the Court emphatically observed that:

"An order issued by a court having jurisdiction of the persons and subject matter must be obeyed, even though the defendants may sincerely believe that the order is ineffective and will finally be vacated, even though the Act upon which the order is based is void, even though the order is actually set aside on appeal, even though the basic action becomes moot."

The Court goes on to say that this must be the rule because of the necessity of orderly process under our constitutional system of government.

■ Counsel for the respondents cites the case of Helbig v. Phillips, 109 N.J.Eq. 546, 158 A. 441, 93 A.L.R. 706, in support of his contention. Since we are dealing here, however, with procedural matters, state decisions are not of much help because Federal procedure is governed by Federal Rules and by decisions of Federal courts, which differ on many points from the procedure prevailing in some of the States. It must be observed that the New Jersey case was decided in 1932. The New Jersey procedure was drastically re-vamped in 1948 under the new New Jersey State Constitution and has been made analogous to Federal procedure. In fact the Federal Rules with slight changes have also been made the rules prevailing in New Jersey. Consequently, there may be a serious question whether the Helbig case would be law today even in New Jersey.

Accordingly, the Court finds that both respondents are guilty of contempt of court in failing to obey the above-mentioned order of the Court, and directs that they be committed to the custody of the United States Marshal for the District of Columbia until they comply with the order of this Court just referred to. Upon so doing, they will be deemed to have purged themselves of contempt.