MDG SUPPLY, INC., A HAWAII CORPORATION, *v.* DIVERSIFIED INVESTMENTS, INC., A HAWAII CORPORATION, ET AL.

MAUI CONCRETE & AGGREGATES, INC., A HAWAII CORPORATION, ET AL. *v.* DIVERSIFIED INVESTMENTS, INC., A HAWAII CORPORATION.

No. 4818.

NOVEMBER 17, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

The parties presently concerned with this appeal are the trustees in dissolution of Diversified Investments, Inc., as appellants, and MDG Supply, Inc., as appellee. Orig-

inally, Kula Development Corporation and William S. Ellis, Jr., had also joined as appellants. But they have withdrawn after considerably muddying the record.

Stripped of all immaterial matters, the ultimate question for decision on this appeal is the validity of the Amended Order Appointing Commissioners and Ordering Sale of Real Property, entered by the second circuit court on September 9, 1968, in Civil Nos. 401 and 402.

The material facts are as follows:

On December 27, 1965, the circuit court entered a judgment relative to Civil No. 401 and the second claim in Civil No. 402, which provided:

(a) With respect to Civil No. 401, that Diversified owed MDG $8,010.04, as of December 31, 1965, which was secured by Mechanics Lien No. 52 on Lot 2 (tax map key 2-3-20:11), area 4.05 acres, in Kula, Maui, owned by Diversified; that the mechanics lien be foreclosed by the sale of Lot 2 at public auction conducted by commissioners appointed by the court; and that the reasonable fees for MDG's attorneys, and the costs of foreclosure, including the commissioners' fees, be determined at a hearing on the confirmation of foreclosure sale.

(b) With respect to the second claim in Civil No. 402, that Diversified owed MDG $34,381.02 on December 31, 1965, which was secured by a mortgage on Lot 2, and also on Lot 4 (tax map key 2-3-20:9), area 0.74 acre, owned by Diversified; and that the mortgage be foreclosed by the sale of Lots 2 and 4 in the same manner and with the same requirements regarding the determination of attorneys' fees and costs of foreclosure as in Civil No. 401.

Simultaneously with the entry of the judgment, the court entered an order to stay its enforcement until

December 31, 1967, and providing that MDG may have it enforced upon ex parte motion after the expiration of the period of stay.

The judgment and the stay order were entered pursuant to a stipulation for their entry contained in a document entitled "Compromise and Settlement Agreement" filed the same day. The document was signed by attorney for MDG and attorney for Diversified, Kula Development Corporation, William S. Ellis, Jr., and two other persons, Glenn H. Simons, Jr., and Catherine C. Simons. It provided that it was made "unconditionally and without reservation whatsoever other than that contained herein."

The reservations contained in the document, pertinent to this appeal, were (1) that the undertakings of the parties therein were to be construed solely as a compromise resolution of the issues in Civil No. 401 and the second claim in Civil No. 402, without the necessity of trial, and not to be construed as an admission or waiver of claims, counterclaims, or defenses by Diversified, Kula Development Corporation, or William S. Ellis, Jr., with respect to parties other than MDG in Civil No. 402; and (2) that costs advanced and reasonable attorneys' fees payable to MDG's attorneys for services rendered with respect to Civil No. 401, the second claim in Civil No. 402, and Mechanics Lien No. 52 were to be determined after the entry of the judgment and stay order, with the right reserved in Diversified to appeal from such determination.

Diversified did not pay the amounts owing to MDG under the judgment within the period of the stay. Instead, on December 30, 1967, one day before the expiration of the stay, it filed a document entitled "Notice of Rescission," in which it purported to inform MDG of its rescission of the compromise and settlement agreement. To this notice, MDG interposed a motion to strike. The circuit court granted the motion on September 3, 1968.

On August 22, 1968, MDG moved for enforcement of the judgment, with notice to Diversified. Diversified opposed. On September 3, 1968, the court granted the motion, and entered an order entitled "Order Appointing Commissioners and Ordering Sale of Real Property." This order directed the sale of Lot 4 at public auction by the commissioners appointed therein. Diversified filed notice of appeal from this order, and also from the order granting MDG's motion to strike its notice of rescission, on September 6, 1968. Three days later, on September 9, 1968, MDG obtained from the circuit court, upon ex parte motion without notice to Diversified, an amended order appointing commissioners and ordering sale of real property. The amended order substituted Lot 2 for Lot 4 as the property to be sold. Diversified filed an amended notice of appeal on September 19, 1968, in which it listed the amended order, as well as the original order appointing commissioners and ordering sale of real property and the order striking its notice of rescission, as the adjudications appealed from.

On October 18, 1968, during the pendency of this appeal, Diversified was dissolved as a corporation. This court duly substituted its trustees in dissolution as appellants.

Upon the foregoing facts, we shall consider the points relied upon by appellants on this appeal.

The first point relied upon is that the circuit court abused its discretion, and thereby committed reversible error, in striking Diversified's notice of rescission of the compromise and settlement agreement. This point is not only without any merit whatsoever but is in fact frivolous.

The notice merely set forth Diversified's crass and unilateral decision to repudiate an agreement under which it had bought two years' time to pay its admitted obligations to MDG. At the time the notice was filed, there was noth-

ing to repudiate, insofar as MDG was concerned, because the compromise and settlement agreement had become functus upon the entry of the judgment and the stay order. Thus, the notice served no purpose other than to clog the record, and the court did not err in striking it.

The other points relied upon are that the circuit court erred in entering the original order and the amended order appointing commissioners and ordering sale of real property because the judgment sought to be enforced thereby was interlocutory; and that the circuit court further erred in entering the amended order because it did so without notice to Diversified and at a time when it had no jurisdiction over Civil Nos. 401 and 402 by reason of the filing of the notice of appeal from the original order.

We need not consider the point raised with respect to the original order, if the amended order is valid, for the latter was intended to supersede the former.

So, we shall turn to a consideration of the contentions with respect to the amended order.

The validity of that order depends on the enforceability of the December 1965 judgment. Appellants do not question the validity of the judgment. They only say that the judgment was not enforceable at the time that the original order and the amended order were entered.

Appellants' position is that a judgment is not enforceable unless it is final for the purpose of appeal. They contend that the judgment here is not final for two reasons. One is that it left the determination of the amounts payable to MDG's attorneys for services and costs advanced to a later date. The other is that it did not adjudicate all of the claims in Civil Nos. 401 and 402, which concededly are multi-claim actions.

With reference to the determination of the amounts payable to MDG's attorneys for fees and costs advanced, that was left for future determination in accordance with

the specific provision in the compromise and settlement agreement, which read:

> "That the parties hereto agree that costs advanced and reasonable attorneys' fees due and owing the law firm of Ogata & Ueoka and the law firm of Crockett and Langa, respectively, as and for legal services rendered with respect to Notice of Mechanics Lien No. 52, Civil No. 401, and the Second Cause of Action in Civil No. 402 shall be determined by the Court after the entry herein of Judgment and Stay of Proceedings to Enforce Judgment; PROVIDED, however, that DIVERSIFIED INVESTMENTS, INC., does not waive its right to appeal such determination."

There is no question Diversified intended the judgment to be final and conclusive, insofar as the matters determined therein were concerned. It ill behooves appellants, who now stand in the shoes of Diversified, to claim on a technicality that the judgment couched in the very words Diversified requested is not final after Diversified enjoyed its benefits for well nigh two years. The law, in its wisdom, does not support appellants. A judgment of foreclosure of mortgage or other lien and sale of foreclosed property is final, although it contains a direction to commissioners to make a report of sale and to bring the proceeds into court for an order regarding their disposition. *Kirby* v. *Runals,* 140 Ill. 289, 29 N.E. 697 (1892). This is on the ground that such judgment finally determines the merits of the controversy, and subsequent proceedings are simply incidents to its enforcement. *Ray* v. *Law,* 7 U.S. (3 Cranch) 178 (1805) ; *Whiting* v. *United States Bank,* 38 U.S. (13 Peters) 5 (1839).

The contention that the judgment is not final because it did not adjudicate all of the claims in Civil Nos. 401 and 402 is now moot, for, upon remand pursuant to MDG's motion, the circuit court, on August 7, 1969, duly entered

a nunc pro tunc certification of finality of the judgment under H.R.C.P. Rule 54(b). Appellants say that the certification is defective because they were not before the circuit court when it was made. On this point, the record shows that they were given notice of the hearing, but chose not to appear *qua* trustees. William S. Ellis, Jr., one of the appellants, did appear, but stated that his appearance was in his individual capacity and not as one of trustees. This is typical of appellants' reliance on technicality and form throughout the proceedings in Civil Nos. 401 and 402 and on this appeal, in order to postpone the day of reckoning.

The last matter to be considered is the point raised with respect to the entry of the amended order without notice to Diversified and after the filing of the notice of appeal from the original order.

The circuit court did not err in entering the amended order without notice to Diversified, for the entry was made pursuant to specific provision in the stay order which stated that, upon expiration of the stay, MDG "may by ex parte motion request the Court for the enforcement of the Judgment."

The circuit court also did not err in entering the amended order after the filing of the notice of appeal from the original order. The general effect of the filing of a notice of appeal is to transfer the jurisdiction over the appealed case from the circuit court to this court, but there are a few matters over which the circuit court retains jurisdiction even after such filing. One such matter is the enforcement of judgment where supersedeas bond is not filed. Under H.R.C.P. Rule 62(d), a party taking an appeal from a judgment must file a supersedeas bond in order to stay its enforcement. No supersedeas bond was filed here. With regard to the effect of such failure to

file, Judge Holtzoff stated in *Blackwelder* v. *Crooks,* 151 F. Supp. 26, 28 (D.C. 1957) :

"Rule 62 of the Federal Rules of Civil Procedure, 28 U.S.C.A. explicitly provides that when an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay. The necessary implication is that without giving a supersedeas bond or unless otherwise ordered by the Court, the order is not stayed, even though an appeal is pending. Otherwise a person could completely frustrate judicial proceedings by disobeying an order of the Court during the pendency of an appeal without giving any security that it will be complied with in the event of affirmance. The law is not as helpless in that respect as counsel would urge."

Affirmed.

*William S. Ellis, Jr.,* appellant pro se.

*Ralph E. Corey* for appellants except *William S. Ellis, Jr.*

*B. Martin Luna (Ueoka & Vail* of counsel) for appellee.