AINAMALU CORPORATION, a Hawaii corporation, Plaintiff-Appellee *v.* HONOLULU TRANSPORT & WAREHOUSE CORP., a Hawaii corporation, Defendant-Appellant

NO. 5565

JUNE 17, 1975

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR, JJ.,
and SODETANI, Circuit Judge,
Assigned by Reason of Vacancy

*Per Curiam:* This is an appeal from the denial of a motion and amended motion to set aside a judgment against the defendant entered in the court below on September 7, 1973.

The plaintiff [appellee] had filed suit against the defendant [appellant] for rentals allegedly due and owing. Following several days of trial but before submission of the issue to the jury, the parties entered into an oral stipulation in open court, which was approved by the trial judge, whereby the defendant agreed to pay to the plaintiff the sum of $23,000 in full settlement of the latter's claim within a period of 30 days commencing on August 7, 1973. The stipulation further provided that in the event of the failure of the defendant to pay the stated amount within that period, the plaintiff was to submit to the trial court for its signature a judgment against the defendant in the sum of $30,000. The defendant failed to pay within the time provided and judgment was entered on September 7, 1973. It is this judgment which the defendant sought to set aside in the court below.

We hold that this is not the type of judgment contemplated by Rules 55(c) and 60(b) of the Hawaii Rules of Civil Procedure. This is a judgment entered pursuant to the prior stipulation of the parties and may not be modified or set aside by the court, absent a showing that the stipulation itself is open to attack on the ground of fraud, mistake, or misrepresentation.

*Cf. Walling v. Miller,* 138 F.2d 629 (8th Cir. 1943), *cert. denied,* 321 U.S. 784 (1944); *Moss v. Mosser,* 115 F. Supp. 343 (E.D.Ark. 1953). Here, no such claim or showing has been made. The defendant, who was present with his counsel, gave his express consent to the terms of the settlement agreement. He is now bound by his agreement. *Hoffman v. Celebrezze,* 405 F.2d 833 (8th Cir. 1969); *Morse Boulger Destructor Co. v. Camden Fibre Mills, Inc.* 239 F.2d 382 (3d. Cir. 1956). *Cf. MDG Supply, Inc. v. Diversified Investments, Inc.,* 51 Haw. 375, 463 P.2d 525 (1969), *cert. denied,* 400 U.S. 868 (1970).

The order of the court below is affirmed, and each party shall pay its own costs and attorney's fees.

*Joseph M. Gedan (Kazuo Oyama* on the brief) for defendant-appellant.

*David H. C. Lee (Nishimura, Lee & Shimabukuro* of counsel) for plaintiff-appellee.

### DISSENTING OPINION OF OGATA, J., WITH WHOM RICHARDSON, C.J., JOINS

I register my dissent to the holding of the majority of this court that neither Rules 55(c) nor 60(b), H.R.C.P., can be applied to the facts of this case. In my view the amended motion of defendant (appellant) to set aside the judgment entered against the defendant which was heard by the court below on the morning of September 12, 1973, should have been granted on the condition that defendant pay the sum of $23,000 to plaintiff (appellee) not later than 4:00 p.m. of that same day.

The record of the court below shows that defendant believed in good faith that he had until September 7, 1973, to pay plaintiff the sum of $23,000, and that if no such payment was made on that date a consent judgment of $30,000 would be thereafter entered against the defendant. The stipulation for such consent judgment was made in open court on August 7, 1973, after a chamber conference in which the parties and

the trial judge participated. It appears that during such conference Mr. Medeiros, president of defendant, agreed to the stipulation for the settlement of the claims involved in this action because he thought he would have until September 7, 1973, to pay the $23,000 to plaintiff.

While the transcript of August 7, 1973, proceedings shows that the trial judge emphasized to the parties that the 30-day period would run "[s]tarting — commencing from today", no specific last date was mentioned when that 30th day would be, when the defendant must pay the $23,000, or in default of such payment a judgment in an increased amount of $30,000 would be entered against defendant.

Even counsel for plaintiff admitted during the oral argument that he was not certain when such final date was in this case. Under Rule 6(a), H.R.C.P., which prescribes for the computation of time, defendant's last day to make such payment under the 30-day stipulation would have expired on September 6, 1973, rather than September 7, 1973, which was the date believed by the defendant to be the last day on which it thought payment could be made. Such a miscalculation was based upon the failure by defendant to recognize that there are 31 calendar days in the month of August. However, if we strictly adhere to the ruling of the court below and hold that the 30-day period commenced on August 7, then the last day would fall on September 5, and defendant would then be deprived of his full 30-day period, based upon the provisions of Rule 6(a), to make the required payment.

A default judgment is entered upon the default of a party to file necessary responsive pleading. Under the record of this appeal, I would categorize the judgment entered by the court below to be similar to a default judgment since the judgment for plaintiff was entered by the court below upon the default of the defendant to make payment within a period of 30 days.

The judgment in this case was entered against the defendant because of a miscalculation of the date when payment was due. The judgment was caused to be filed by plaintiff in the court below, without the usual notice to defendant, on September 7, 1973, at 11:22 a.m. This was about the time when counsel for defendant telephoned counsel for plaintiff

to advise him that defendant was ready to pay the sum of $23,000, based upon the stipulation of August 7, and wished to be instructed as to how the check was to be prepared. Plaintiff then informed defendant that it was too late because the judgment for $30,000 had already been filed. There was no claim made by the plaintiff that it had sustained actual prejudice because of the tardiness by defendant to pay the $23,000, the day before. Under Rule 60(b)(1) of the Federal Rules of Civil Procedure, the counterpart of our Rule 60(b)(1), H.R.C.P., the federal courts have generally set aside default judgments because of miscalculation of the date when a pleading was due. *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489 (5th Cir. 1962); *Edwin Raphael Co. v. Maharam Fabrics Corp.*, 283 F.2d 310 (7th Cir. 1960); *Rooks v. American Brass Co.*, 263 F.2d 166 (6th Cir. 1959).

It has been said that Rule 60 of the Federal Rules of Civil Procedure "gives the district court a 'grand reservoir of equitable power to do justice in a particular case.' [Citations omitted] . . . [T]he rule should be liberally construed when substantial justice will thus be served. [Citations omitted]" *Radack v. Norwegian American Line Agency*, 318 F.2d 538, 542 (2d Cir. 1963). I believe that setting aside the judgment on the condition above mentioned is required in the interest of justice. Hence, I would conclude that the denial of the amended motion to set aside the judgment under the circumstances was an abuse of discretion. *Butner v. Neustadter*, 324 F.2d 783 (9th Cir. 1963).