NORMAN McPHERSON; GARY McCURDY; KEVIN COLE; COLYNE KAM; CARLSON KAM; HENRY KAM; and MARK MARTINSON, Plaintiffs-Appellants, Cross-Appellees, *v.* ZONING BOARD OF APPEALS of the City and County of Honolulu, and MARGARET MORIC BARROS, Defendants-Appellees, Cross-Appellants

NO. 10064

(CIVIL NO. 77942)

MAY 8, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order of the Circuit Court of the First Circuit affirming an order of the Zoning Board of Appeals of the City and County of Honolulu granting a variance. The variance was granted for the enlargement of a nonconforming use allowed by § 21-1.7, Comprehensive Zoning Code (CZC), and permitted the continued maintenance of a nonconforming piggery in a livestock barn prohibited by the zoning regulations. The premises for which the variance was granted were at 59-272B Kamehameha Highway, Paumalu, Oahu (Tax Map Keys 5-9-06:17 and 5-9-12:4) and were zoned AG-1 which prohibits piggeries.

There is a cross-appeal by the Zoning Board of Appeals contending that the circuit court erred in not dismissing the appeal and in not dismissing appellant Martinson as a party to the appeal.

AG-1 zoning permits agricultural and livestock uses but not the raising of swine. The Comprehensive Zoning Code of the City and County of Honolulu in § 21-4.1 states:

> The purpose of the AG-1 Restricted Agricultural district is to protect and preserve agricultural lands for the performance of agricultural functions and to encourage concentration of such uses in areas where potential friction with urban uses will be minimized.

When the CZC took effect in 1969, appellee Barros was using the land in question as a pig farm. Thus the continued use of the said land for that purpose was a nonconforming use under the Code and therefore not prohibited. However, the Code does not permit an expansion of a nonconforming use and severely restricts what can be done in the way of repairs and maintenance to existing structures so used. At the time the CZC became effective, there were existing pig pens on the premises. The Board appears to have accepted an affidavit by the landowner that at that time 350 pigs were being maintained on the premises. That finding, if it is a finding, is open to considerable doubt.[1]

Almost 10 years later, appellee Barros obtained a permit to construct a new barn on a different portion of the premises in question. The application for the permit said the barn was to be used for livestock and did not mention swine. The construction of such a barn was not in violation of the zoning code if it was used for livestock other than swine. Appellee Barros contends she was unaware that the use of the barn for pigs would be prohibited by law.[2] The existing pens were then demolished.

---

[1] We note after the Board had ruled on the matter, the appellants filed a timely motion for reconsideration offering alleged new evidence that when the CZC took effect, only 115 pigs at a maximum were being maintained on the premises. The Board refused to reconsider its order.

[2] On the motion for reconsideration, appellants offered to prove that the contractor who built the barn informed appellee Barros that she could not use the barn for swine.

Appellee Barros was maintaining 350 pigs in the barn on the premises when she was cited for a violation of the Code. She then filed for a variance with the Board. Hearings were held and on March 11, 1983, the Board mailed its findings of fact, conclusions of law, and decision and order to the appellants. On April 11, appellants filed a petition for reconsideration alleging new evidence. That evidence was that set forth in nn. 1 and 2 hereto, and in addition evidence with respect to what had taken place at a community association meeting.[3] It is admitted that the petition for reconsideration was timely filed under the Board's regulations. The motion for reconsideration was ultimately denied and appellants filed an appeal to the circuit court which affirmed the Board.

The Charter of the City and County of Honolulu provides in part:

*Section 6-909.  Powers, Duties and Functions* — The zoning board of appeals shall:

. . . .

(b) Hear and determine petitions for varying the application of the zoning ordinance with respect to a specific parcel of land and may grant such a variance upon the ground of unnecessary hardship if the record shows that (1) the applicant would be deprived of the reasonable use of such land or building if it were used only for the purpose allowed in that zone; (2) the request of the applicant is due to unique circumstances and not the general conditions of the neighborhood, so that the reasonableness of the neighborhood zoning is not drawn into question; and (3) the use sought to be authorized by the variance will not alter the essential character of the locality nor be contrary to the intent and purpose of the zoning ordinance.

In its decision, the Board treated the three requirements set forth above as "conclusions of law".

The factual finding used by the Board to support the first conclusion is "[t]he applicant seems to be deprived of reasonable use of

---

[3] Apparently this evidence was offered in response to the Board's placing emphasis on the community association's approval of the variance.

the land if not allowed to improve the premises by utilizing the already existing barn." The record however is devoid of any evidence that the appellant could not make reasonable use of the land or buildings in conformity with the AG-1 zoning or her preexisting nonconforming use. The finding of "deprivation of reasonable use" is therefore clearly erroneous on the present record.

With respect to the second conclusion, the factual finding upon which it appears to be based is "[t]he piggery, though nonconforming, appears to meet the approval of the community association, and this together with the new barn already in existence appear to qualify as unique circumstances." As we have previously noted, had the petition for rehearing been granted, appellants presumably would have produced evidence to counter the finding of the approval of the community association. Moreover it is questionable if appellee's violation of the zoning ordinance can constitute a "unique" circumstance as a matter of law. In our view, the conclusion of law is not supported by facts in the record.

As to the third conclusion, the finding of fact upon which it appears to be premised is the Board's statement "[t]he proposal does not alter the essential character of the locality if the swine population is not increased, the applicant has assured us that she does not seek to increase the number of pigs, and an adequate sewage treatment system can be installed." Based on the record, there is some question as to whether or not appellee Barros has not already increased the number of pigs from the number maintained on the premises at the time of the CZC.

Moreover the difference between AG-1 and AG-2 is that swine-raising is prohibited in AG-1 areas. Clearly therefore, a purpose for creating AG-1 zoning was to put a buffer zone between residential properties and piggeries. The reasons for such a buffer zone are obvious. The Board made no finding to support the conclusion that permitting the maintenance of 350 pigs in the new barn erected in violation of the zoning ordinance is not contrary to the intent and purpose of the zoning ordinance and, on the present record, there was insufficient evidence to sustain such a finding had it been made.

One of the problems in this case is that the Charter limits the power of the Board to grant variances to cases where a rather narrow and somewhat technical set of facts must be established. In

this case, for a considerable period of time before the Zoning Board of Appeals, appellee Barros was not represented by an attorney. Moreover the appellants were never represented by an attorney before the Board.

Concluding, as we do, that appellee Barros did not establish the factual basis for the variance which the Board gave her, we reverse the judgment of the circuit court and remand with instructions to the circuit court to reverse the order and decision of the Board and to remand the matter to the Board to hold new hearings permitting the parties to introduce evidence relevant to the criteria laid down in § 6-609(b) of the Charter of the City and County of Honolulu with respect to the granting of variances.

Since we are remanding for new hearings, it is not necessary to pass upon whether or not the Board abused its discretion in denying appellants' petition for reconsideration. It is likewise not necessary to pass upon the Board's cross-appeal contention that appellant Martinson was not a proper party to appeal from the Board's decision and order.

With respect to the Board's cross-appeal seeking reversal of the circuit court's refusal to dismiss the appeal from the Board to the circuit court as untimely, we affirm the circuit court.

Where an administrative agency's regulations permit the filing of a petition or motion for reconsideration from a decision and order in what is a contested case under HRS Chapter 91, and such a motion is timely filed, it is our express holding that, for the purposes of an appeal under HRS § 91-14(b), the denial of the petition or motion for reconsideration is the final decision and order of the agency. The service of a certified copy of the denial starts the 30-day appeal period running.

Any other holding would lead to administrative chaos, since if an appeal had to be filed prior to the disposition of a timely motion for reconsideration, the Board would lose jurisdiction, and could determine whether or not to grant the reconsideration only after an express remand from the appellate tribunal, whether it be the circuit court, as in this case, or the Supreme Court of Hawaii, as in certain other cases. The waste of time and effort by the parties, their counsel, the agency and the judiciary in such a situation would simply be intolerable.

608

The cross-appeal is denied and the order appealed from is reversed and remanded for further proceedings consistent herewith.

*Boyce R. Brown, Jr. (Cynthia H.H. Thielen* with him on the briefs; *Brown & Johnston* of counsel) for appellants McPherson, et al.

*Donna Leong,* Deputy Corporation Counsel, for appellee, cross-appellant Zoning Board of Appeals.

*Frank T. Lockwood* for appellee Barros.