**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000110
11-MAR-2025
07:53 AM
Dkt. 66 SO**

NO. CAAP-22-0000110

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WEST SUNSET 32 PHASE I, LLC; CHARLES SOMERS, as Trustee of the
Charles Somers Living Trust; CS DEVELOPMENT LLC;
and CHARLES SOMERS, Individually,
Respondents-Appellants-Appellants,
v.
COUNTY OF KAUA'I PLANNING COMMISSION; COUNTY OF KAUA'I
PLANNING DEPARTMENT, by its Director, Ka'aina Hull,
Appellees-Appellees;
and
MICHAEL KAPLAN, Trustee of the Michael A. Kaplan
Revocable Trust, dated August 12, 1992 as amended
and restated by instrument dated July 16, 2017,
Petitioner-Appellee-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CCV-21-0000119)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

In this secondary appeal, Respondents-Appellants-Appellants West Sunset 32 Phase 1, LLC, and Charles Somers, as Trustee of the Charles Somers Living Trust, (together, **Appellants** or **Somers**) appeal from the March 8, 2022 Final Judgment (**Judgment**) entered by the Circuit Court of the Fifth Circuit

(**Circuit Court**)[1] in favor of Appellees-Appellees County of Kauaʻi Planning Commission (**Planning Commission**), and County of Kauaʻi Planning Department, by its Director, Kaʻaina Hull (**Planning Department**) (together, **Kauaʻi County**), and Petitioner-Appellee-Appellee Michael A. Kaplan, Trustee of the Michael A. Kaplan Revocable Trust (**Kaplan**), (collectively, **Appellees**).  Appellants also challenge the Circuit Court's February 14, 2022 Order Granting [Appellees'] Motion to Dismiss Appellants' Notice of Appeal to Circuit Court Filed on October 14, 2021, Filed November 1, 2021 [DKT 13] (**Order Granting Motion to Dismiss**).

Somers raises three points of error on appeal, contending that the Circuit Court erred in dismissing the agency appeal in 5CCV-21-0000119 (**Second Agency Appeal**) and concluding it lacked subject matter jurisdiction to review:  (1) the Planning Commission's denial of Somers's April 5, 2021 (first) Petition for Intervention (**First Petition to Intervene**) on the ground that Somers did not timely appeal the Planning Commission's May 20, 2021 order denying the First Petition for Intervention (**Order Denying Intervention**); (2) the Planning Commission's *de facto* denial of Somers's September 13, 2021 (second) Petition for Intervention (**Second Petition to Intervene**); and (3) the Planning Commission's September 14, 2021, and September 16, 2021 decisions to approve (a) the August 2021

---

[1]    The Honorable Kathleen N.A. Watanabe presided.

Settlement Agreement between Kaplan, the Planning Commission, and the County of Kauaʻi (Planning Department) (**Settlement Agreement**), and (b) Kaplan's February 2021 Application for Use Permit and Class IV Zoning Permit (**Permit Application**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Somers's points of error as follows:

As a preliminary matter, Somers argues that the Planning Commission lacked jurisdiction to approve the Settlement Agreement and approve the Permit Application because on September 14 and 16, 2021, a prior agency appeal, taken from the Planning Commission's initial May 20, 2021 decision and order denying the Permit Application (**Order Denying Permit**), was still on appeal before the Circuit Court in 5CCV-21-0000057 (**First Agency Appeal**), and was not dismissed until September 28, 2021. Thus, we necessarily consider the circumstances of the First Agency Appeal, as well as this Second Agency Appeal.

After Kaplan submitted the Permit Application to the Planning Commission, Somers submitted the First Petition to Intervene, Kaplan opposed it, and after two hearings, the First Petition to Intervene was denied on May 11, 2021. Somers did not appeal the Order Denying Intervention.

On May 20, 2021, the Planning Commission entered the Order Denying Permit, and on June 18, 2021, Kaplan filed a notice

of appeal in the First Agency Appeal.  Somers was not a party to that appeal and he did not seek to intervene in the First Agency Appeal pursuant to Hawaii Revised Statutes (**HRS**) 91-14(b) (2012).[2]  In August 2021, a conditional settlement was reached between Kaplan, the Planning Commission, and the Planning Department, and the Settlement Agreement was read into the record in the First Agency Appeal, although the Circuit Court did not enter any orders related to the Settlement Agreement until September 28, 2021, when it approved the stipulation to dismiss the First Agency Appeal.[3]

The Settlement Agreement required, *inter alia*, Kaplan to hire an expert to conduct an assessment of certain Native Hawaiian traditional and customary practices that were orally mentioned (not by Somers) at a Planning Commission hearing prior to the Order Denying Petition.  The Settlement Agreement further provided that upon receipt of the assessment, the Planning Department would put the Settlement Agreement and the Permit Application on the agenda for the next Planning Commission meeting, along with a further recommendation concerning the Permit Application, including any conditions stemming from the assessment.  It was agreed that if the Planning Commission approved the Settlement Agreement, it would also vote on the

---

[2]     HRS § 91-14(b) states, *inter alia*, that a circuit court "in its discretion may permit other interested parties to intervene."

[3]     Minutes dated August 6, 2021, report the appearances of counsel for Kaplan and Kauaʻi County, by telephone, and state:  "Court noted a settlement agreement was reached and read into the record."

Permit Application.  If the Permit Application was approved, the permits were to be issued immediately, and within two days of the issuance of the permits, Kaplan was to withdraw and dismiss the First Agency Appeal.  If the Permit Application was not approved, and the permits were not issued, it was agreed that the Settlement Agreement would be null and void.  The Settlement Agreement did not provide for a temporary remand to the Planning Commission, and no order of temporary remand (or other order approving the parties' agreed-upon procedure) was issued by the Circuit Court.

The assessment was prepared and reviewed.  The Planning Commission voted to approve the Settlement Agreement effective September 14, 2021, and then voted to approve issuance of Use and Class IV Zoning permits to Kaplan, subject to conditions set forth in a September 16, 2021 letter from the Planning Commission (**Decision Approving Permits**).  Counsel then sent a letter informing the Circuit Court of what had transpired, and thereafter submitted a stipulation to dismiss the First Agency Appeal, which was approved and ordered by the Circuit Court on September 28, 2021.

The First Agency Appeal was still pending before the Circuit Court when the Planning Commission acted on the Settlement Agreement and Permit Application.  The Hawaiʻi Supreme Court has long held:

> Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case.

State v. Ontiveros, 82 Hawaiʻi 446, 448-49, 923 P.2d 388, 390-91 (1996); Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawaiʻi 494, 500, 880 P.2d 169, 175 (1994) (quoting Territory v. Damon, 44 Haw. 557, 561, 356 P.2d 386, 389 (1960)). Jurisdiction over the appealed case is transferred from the trial court to the supreme court at the time the notice of appeal is filed. MDG Supply v. Diversified Investments, Inc., 51 Haw. 375, 381, 463 P.2d 525, 529 (1969), cert. denied, 400 U.S. 868, 91 S.Ct. 99, 27 L.Ed.2d 108 (1970). The principle governing the transfer of jurisdiction from the trial court to the appellate court is designed to avoid the confusion and inefficiency that might flow from placing the same issue before two courts at the same time. 9 J. Moore, Moore's Federal Practice ¶ 203.11 at 5-50 (2d ed.1996).

Notwithstanding the general effect of the filing of a notice of appeal, the trial court retains jurisdiction to determine matters collateral or incidental to the judgment, and may act in aid of the appeal. See, e.g., Foggy v. Ralph F. Clark & Assoc., Inc., 192 Cal.App.3d 1204, 238 Cal. Rptr. 130 (1987); In re Estate of Rice, 130 Ill. App.3d 416, 85 Ill. Dec. 577, 473 N.E.2d 1382 (1985). For example, because the mere filing of a notice of appeal does not affect the validity of a judgment, the circuit court retains jurisdiction to enforce the judgment. See MDG Supply, 51 Haw. at 381, 463 P.2d at 529; see also Life of the Land v. Ariyoshi, 57 Haw. 249, 252, 553 P.2d 464, 466 (1976) (HRCP Rule 60(b) motion for correction, modification, or relief from judgment); [Hawaii Rules of Appellante Procedure] Rule 10(e) (1996) (providing for correction or modification of the record on appeal).

TSA Int'l Ltd. v. Shimizu Corp., 92 Hawaiʻi 243, 265, 990 P.2d 713, 735 (1999)

These principles have been recognized in the context of an appeal to the circuit court (or other appellate court) from an appealable order entered by administrative agency. See, e.g., McPherson v. Zoning Bd. of Appeals, 67 Haw. 603, 699 P.2d 26 (1985).[4] However, there is no clear Hawaiʻi authority applicable

---

[4] In McPherson, the supreme court stated:

Where an administrative agency's regulations permit the filing of a petition or motion for reconsideration from a decision and order in what is a contested case under HRS Chapter 91, and such a motion is timely filed, it is our express holding that, for the purposes of an appeal under HRS § 91-14(b), the denial of the petition or motion for reconsideration is the final decision and
(continued...)

to the particular circumstances of this case.  At least one other jurisdiction appears to allow an agency to approve (or disapprove) a proposed settlement of a dispute that is on appeal from the agency without a remand to the agency.  See Whispering Woods at Bamm Hollow, Inc. v. Middletown Twp. Planning Bd., 531 A.2d 770 (N.J. Super. Ct. Law Div. 1987)

The Planning Commission was both the agency appealed from and a party to the appeal.  As the Planning Commission was a party to the appeal as well as to the proposed Settlement Agreement, a meeting of the Planning Commission was necessary for the Planning Commission to act on the proposed settlement.  The Planning Commission's action on the Settlement Agreement – whether approval or disapproval – could fairly be construed as "an act in aid of the appeal."  See TSA Int'l Ltd., 92 Hawaiʻi at 265, 990 P.2d at 735.  Approval of the settlement was necessary to terminate the appeal in accordance with the terms of the Settlement Agreement.  Disapproval of the settlement would have

_____

(...continued)
order of the agency.  The service of a certified copy of the denial starts the 30-day appeal period running.

Any other holding would lead to administrative chaos, since if an appeal had to be filed prior to the disposition of a timely motion for reconsideration, the Board would lose jurisdiction, and could determine whether or not to grant the reconsideration only after an express remand from the appellate tribunal, whether it be the circuit court, as in this case, or the [supreme court], as in certain other cases.  The waste of time and effort by the parties, their counsel, the agency and the judiciary in such a situation would simply be intolerable.

67 Haw. at 607, 699 P.2d at 29.

rendered the Settlement Agreement null and void and signaled the need for the Circuit Court to proceed to the merits of the First Agency Appeal.  Therefore, the Planning Commission's action on the Settlement Agreement – whether approval or disapproval – could fairly be construed as "an act in aid of the appeal."

That said, the approval of the Permit Application by the Planning Commission was in effect a reversal of the Order Denying Permit, which was of course the order being reviewed on appeal to the Circuit Court.  Thus, the Planning Commission's action, without an order of temporary remand, had the potential to create the confusion and inefficiency that might flow from placing the same issue before two tribunals at the same time.

Finally, we note that the cases above state general *jurisprudential* principles governing the "transfer" of jurisdiction from the trial court or agency to the appellate court.  These principles are intended to avoid inefficiency, waste of time and effort, confusion and chaos, and they are subject to exceptions, including for actions in aid of the appeal.  See id.; McPherson, 67 Haw. at 607, 699 P.2d at 29. That said, the clear preference of the supreme court in other circumstances has been for an appellate court to issue an order for a temporary remand in aid of its jurisdiction.  See State ex rel. Off. of Consumer Prot. v. Joshua, 141 Hawaiʻi 91, 99-100, 405 P.3d 527, 535-36 (2017); Waikiki v. Hoʻomaka Vill. Ass'n of

Apt. Owners, 140 Hawai'i 197, 204, 398 P.3d 786, 793 (2017); <u>Life of the Land</u>, 57 Haw. at 251-52, 553 P.2d at 465-66.

Somers was not a party to the First Agency Appeal in part because he was denied intervenor status in the proceeding on the Application for Permit. Arguably, he was not aggrieved by the Order Denying Permit, but the outcome of the First Agency Appeal was not a foregone conclusion. We note that Somers declined to appeal the Order Denying Intervention, although it was appealable as a collateral order (as discussed below). Somers further declined to seek intervention in the First Agency Appeal pursuant to HRS § 91-14(b). Although there was no requirement for him to take either action, these were alternative avenues available to him.

This leads us to consider Somers's argument that the Circuit Court erred in concluding that it did not have jurisdiction to review the Order Denying Intervention in the Second Agency Appeal. The supreme court has held that "[a]n order denying an application for intervention under [Hawai'i Rules of Civil Procedure (**HRCP**)] Rule 24 is a final appealable order under HRS § 641-1(a)," and that "[t]he appealability of such an order is based upon the collateral order doctrine." <u>Hoopai v. Civ. Serv. Comm'n</u>, 106 Hawai'i 205, 215, 103 P.3d 365, 375 (2004). While here, Somers's First Petition to Intervene was

brought pursuant to Rules of Practice and Procedure of the Kauaʻi Planning Commission (**RPPPC**) § 1-4-1,[5] not HRCP Rule 24,[6] the two rules are comparable. More importantly, while HRS § 641-1 (2016)[7] is not applicable to Somers's petition, the supreme court has determined that a denial of intervention at the agency level is a final order for the purposes of appeal. In re Haw. Gov't Emps.' Ass'n, Loc. 152, 63 Haw. 85, 88, 621 P.2d 361, 364 (1980). Thus, the Planning Commission's Order Denying Intervention was an immediately appealable collateral order.

---

[5]  RPPPC § 1-4-1 provides, in pertinent part:

1-4-1 <u>Who May Intervene</u>. All Persons who have hold interest in the land, who lawfully reside on the land, or who otherwise can demonstrate that they will be so directly and immediately affected by the proposed application that their interest in the Proceeding is clearly distinguishable from that of the general public, shall be admitted as Parties-Intervenors upon timely written application for intervention.

[6]  HRCP Rule 24 provides, in pertinent part:

**Rule 24. Intervention**

**(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

[7]  HRS § 641-1 provides, in pertinent part:

**§ 641-1  Appeals as of right or interlocutory, civil matters.** (a) Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court, subject to chapter 602.

That said, "[t]he failure to take an immediate appeal from a collateral order does not preclude review of the order on appeal from a final judgment." Hoopai, 106 Hawaiʻi at 215, 103 P.3d at 375. Thus, while Somers had the opportunity to immediately appeal the Order Denying Intervention, he was not precluded from seeking review of the Order Denying Intervention when he became aggrieved by the Planning Commission's final order, i.e., the Decision Approving Permits. See Diamond v. Dobbin, 132 Hawaiʻi 9, 23, 319 P.3d 1017, 1031 (2014); see also Bocalbos v. Kapiolani Med. Ctr. for Women & Chil., 89 Hawaiʻi 436, 443 n.1, 974 P.2d 1026, 1033 n.1 (1999)("The March 14, 1997 second amended decision and order constituted the final decision and order on the matters of medical benefits and temporary disability."); NationStar Mortgage, LLC v. Ishihara, CAAP-17-0000418, 2018 WL 3425369, *2 (Haw. App. July 16, 2018) (Order Dismissing Appeal) ("When and if the circuit court enters a future amended judgment, any aggrieved party will be able to obtain appellate review of all the interlocutory orders by way of a timely appeal from the future amended judgment under the principle that '[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case.'").

Somers timely appealed the Decision Approving Permits. Therefore, we conclude that the Circuit Court erred in concluding

11

that it did not have jurisdiction to review the Order Denying Intervention.[8]

Finally, Somers argues that the Circuit Court erred in concluding that the court lacked jurisdiction to review the Planning Commission's approval of the Settlement Agreement and Decision Approving Permits. The Circuit Court's conclusion was based on its conclusions that it could not review the denial of Somers's petitions to intervene, leaving only Kaplan and Kauaʻi County as parties to the Permit Application, and no party contesting the matter. As we conclude that the Circuit Court erred in declining to rule on the merits of Kaplan's appeal from the Order Denying Intervention, we necessarily conclude that the Circuit Court erred in concluding that it lacked jurisdiction to review the Planning Commission's approval of the Settlement Agreement and Decision Approving Permits on these grounds. Upon remand, the Circuit Court shall consider whether or not the Planning Commission properly considered the Settlement Agreement and the Permit Application while the First Agency Appeal was still pending, in light of the above.

For these reasons, the Circuit Court's March 8, 2022 Judgment and February 14, 2020 Order Granting Motion to Dismiss are vacated. This case is remanded to the Circuit Court for

---

[8]   Accordingly, we decline to reach the issues related to Somers's Second Petition to Intervene, which was not ruled on by the Planning Commission.

further proceedings consistent with this Summary Disposition

Order.

DATED: Honolulu, Hawaiʻi, March 11, 2025.

On the briefs:

Roy A. Vitousek III,
Mauna Kea Trask,
Christopher T. Goodin,
Lindsay N. McAneeley,
Nathaniel T. Dang,
(Cades Schutte)
for Respondents-Appellants-
Appellants.

Charles A. Foster,
Deputy County Attorney,
Office of the County Attorney,
for Appellees-Appellees
County of Kauaʻi Planning
Commission and County of Kauaʻi
Planning Department, by its
Director, Kaʻaina Hull.

Margery S. Bronster,
Rex Y. Fujichaku,
Sunny S. Lee,
(Bronster Fujichaku Robbins)
for Petitioner-Appellee-Appellee
Michael A. Kaplan, Trustee of
the Michael A. Kaplan Revocable
Trust.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge